IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2963

_____

**HENRY UNSELD WASHINGTON**

**v.**

**ROBERT GILMORE, Warden; TRACY SHAWLEY, Warden's Assistant;
S. P. DURCO, RHU Commander; P.E. BARKEFELT, RHU Lieutenant;
A. J. MORRIS, Lieutenant; C. WILLIAMS, Lieutenant;
G. CRABLE, Sergeant; J. M. SMITH, Sergeant; ROBERT NELSON,
Corrections Officer; T. S. OSWALD, Corrections Officer; L. COMER,
Corrections Officer; T.I. BENNETT, Property Officer/Corrections Officer;
R. HENDRICKS, Corrections Officer; J. CODDY, Corrections Officer;
J. HEGETER, Corrections Officer; D. FARRIER, Corrections Officer;
M. STUMP, Corrections Officer; G. TAIT; J. D. SUHAN, Corrections
Officer; IRMA VIHLIDAL, Health Care Administrator; B. JIN, Medical
Director; M. PARK, Doctor; P. DASCANI, Doctor; M. COMER, P.A.; E.
MATTES, P.A.; E. MWUARA, P.A.; P. DENNISON, Corrections Officer**

**T. S. OSWALD,**

**Appellant**

_____

**BRIEF FOR APPELLANT T.S. OSWALD AND APPENDIX VOLUME I**

_____

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ENTERED OCTOBER 2, 2023

MICHELLE HENRY
*Attorney General*

BY:     HOWARD G. HOPKIRK

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 783-1478
FAX:   (717) 772-4526

DATE: March 27, 2024

*Senior Deputy Attorney General*

J. Bart DeLone
*Chief Deputy Attorney General*
*Chief, Appellate Litigation Section*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF JURISDICTION ........................................................1

STATEMENT OF ISSUES ....................................................................2

STATEMENT OF THE CASE ................................................................3

STATEMENT OF FACTS .....................................................................8

STATEMENT OF RELATED CASES ..................................................11

SUMMARY OF ARGUMENT ............................................................12

ARGUMENT .......................................................................................14

I.     THE IDENTIFICATION OF OSWALD THROUGH
       WASHINGTON'S TESTIMONY WAS INSUFFICIENT TO
       ESTABLISH THAT OSWALD HAD SEXUALLY HARASSED
       HIM ..........................................................................................14

II.    THE PUNITIVE DAMAGE AWARD IS GROSSLY EXCESSIVE
       AND SHOULD BE REDUCED, AS A MATTER OF LAW. .....................17

       1.     While the jury's verdict found that Washington's Constitutional
              rights were violated, Oswald's conduct falls short of extreme
              levels of reprehensibility. ...................................................20

       2.     The 10:1 ratio of punitive damages to compensatory damages in
              this case exceeds constitutional and common law limits and
              must be adjusted downward. ...............................................22

       3.     This Court is not required to remand this case for a new trial but
              may order a reduction in punitive damages.............................28

CERTIFICATE OF COUNSEL ............................................................31

APPENDIX - VOL. I

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allah v. Al-Hafeez*,
226 F.3d 247 (3d Cir. 2000)..................................................................27

*Blum v. Witco Chemical Corp.*,
829 F.2d 367 (3d Cir. 1987)...............................................................14

*BMW of North America, Inc. v. Gore*,
517 U.S. 559 (1996)...................................................... 22, 23, 27, 28

*CGB Occupational Therapy, Inc.*,
499 F.3d 184 (3d Cir. 2007)...................................................... 20, 23

*Cochetti v. Desmond*,
572 F.2d 102 (3d Cir. 1978)...............................................................19

*Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*,
532 U.S. 424, 437 n. 11 (2001)............................................................28

*Exxon Shipping Co. v. Baker*,
554 U.S. 471 (2008)............................................................... passim

*Honeywell v. American Standards Testing Bureau*,
851 F.2d 652 (3d Cir.1988)...............................................................14

*Jacobs v. Pennsylvania Department of Corrections*,
2011 WL 2295095 (W.D.Pa. 2011)...................................................26

*Jester v. Hutt*,
937 F.3d 233 (2019)........................................................................17

*Johansen v. Combustion Engineering, Inc.*,
170 F.3d 1320 (11th Cir. 1999) .......................................................29

*Johnston v. City of Pittsburgh*,
2014 WL 4649863 (W.D.Pa. 2014) .................................................................25

*Kerwin v. McConnell*,
2008 WL 4525369 (W.D.Pa. 2008) ..................................................................25

*Mathias v. Accor Econ. Lodging, Inc.*,
347 F.3d 672 (7th Cir. 2003) .............................................................................21

*Mejias v. Roth (In re Bayside Prison* Litig.),
331 F.App'x 987 (3d Cir. 2009) .................................................................. 24, 25

*Oddi v. Ford Motor Co.*,
234 F.3d 136 (3d Cir. 2000) .............................................................................14

*Ross v. Kansas City Power & Light Co.*,
293 F.3d 1041 (8th Cir. 2002) ..........................................................................29

*Sallitt v. Stankus*,
720 F.Supp.2d 645 (M.D.Pa. 2010) ..................................................................26

*Savarese v. Agriss*,
883 F.2d 1194 (3d Cir. 1989) ............................................................................19

*Sheedy v. City of Philadelphia*,
184 F.App'x 282 (3d Cir. 2006) ........................................................................26

*Shrey v. Kontz*,
981 F.Supp.2d 333 (M.D.Pa. 2013) ..................................................................26

*Spence v. Board of Education of Christina School District*,
806 F.2d 1198 (3d Cir. 1986) ............................................................................17

*Starceski v. Westinghouse Electric Corp.*,
54 F.3d 1089 (3d Cir. 1995) .............................................................................14

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
538 U.S. 408 (2003) ................................................................................. passim

iv

*Williams v. Kaufman County,*
   352 F.3d 994 (5th Cir. 2003) ................................................................27

*Willow Inn, Inc. v. Public Service Mutual Ins. Co.,*
   399 F.3d 224 (3d Cir. 2005) ................................................................23

## Statutes

28 U.S.C. § 1291 ...................................................................................1
28 U.S.C. §§ 1331 and 1343 ................................................................1
42 U.S.C. § 1983 ................................................... 1,11,18,23,,24,26,28

## Constitutional Amendments

First Amendment ...................................................................................3
Seventh Amendment ............................................................................28
Fourteenth Amendment .......................................................................19

## Rules

Fed. R. App. Proc. 32(a)(7)(B) ...........................................................31

## STATEMENT OF JURISDICTION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983, over which the district court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

This appeal is from a final order, over which this Court has jurisdiction by virtue of 28 U.S.C. § 1291. The district court's order was entered on October 2, 2023, and the notice of appeal was filed on October 30, 2023.

# STATEMENT OF ISSUES

I.      Whether the there was insufficient evidence to establish that Oswald had sexually harassed Washington?

II.     Whether the district court erred in not reducing the unconstitutionally excessive punitive damage award against Oswald relating to events on August 1, 2013 and April 2, 2015?

## STATEMENT OF THE CASE

Henry Unseld Washington is an inmate who has been in the custody of the Pennsylvania Department of Corrections (DOC) since 1978.  He initiated the present action on September 1, 2015 by filing a complaint (Doc. #5) in the District Court for the Middle District of Pennsylvania. An amended complaint (Doc. #58) was filed on August 16, 2016, and a second amended complaint (Doc. #76) was filed on January 31, 2016. (Appendix ("A") A52-59)  The actions underlying the complaint allegedly occurred between August 2004 and July 14, 2015.

Washington originally sued numerous parties, including both DOC officials and private health care workers who provided care to DOC inmates pursuant to a contract with the DOC. Washington claimed, *inter alia*, that DOC officials at SCI-Greene denied his First Amendment right to free exercise of religion and free speech, denial of access to courts and denial of right to petition the government regarding grievances (Second Amended Complaint, Count Two, at ¶¶ 186-213, A80-85); violation of his right to equal protection (Second Amended Complaint, Count Three, at ¶¶ 214-225, A85-87); and violation of his rights under the Eighth Amendment (Second Amended Complaint at ¶¶ 59-86, A58-61).

Medical Defendants filed a motion to dismiss the second amended complaint (Doc. #89, 3/6/2017) and DOC Defendants filed a partial motion to dismiss the second amended complaint (Doc. #78, 2/13/2017).  The Magistrate Judge

recommended that both motions be granted in part and denied in part. (Doc. #96, 8/31/2017) She recommended that the retaliation, access to court, free exercise of religion, and equal protection claims should all be dismissed with prejudice. She further recommended that the motion to dismiss the claims for sexual harassment against Medical Providers Dr. Jin, Dr. Park, Dr. Dascani, Nelson and Suhan should be granted. However, she recommended that the motion to dismiss the sexual harassment/assault claims against DOC Defendants Oswald, Smith, Farrier, Stump, and Health Care Administrator Vihlidal be denied as well as the Medical Providers' motion to dismiss Washington's denial of medical care claims against Dr. Jin, Dr. Park, Dr. Dascani, PA Comer, PA Mattes, and PA Mwaura. (Doc. #96, 8/31/2017) The district court then adopted the report and recommendation of the magistrate judge. (Doc. #97, 9/18/2017)

After discovery, the Medical Providers and DOC Health Care Administrator Vihlidal filed a motion for summary judgment.[1] (Doc. # 144) By a Report and Recommendation (Doc. 168) dated March 1, 2019, the Magistrate Judge recommended that summary judgment be granted in favor of Vihlidal. Vihlidal is a prison administrator and not a medical doctor. The Magistrate Judge found that

---

[1] As there appeared to be a dispute of material fact as to the claims against the other remaining DOC defendants (Oswald, Smith, Farrier, and Stump), they did not file for summary judgment.

she was entitled to summary judgment as she could not be held liable for deliberate indifference for not providing Washington with medical care where he was already being treated by a medical doctor.[2] (R & R (Doc. #168) at 19) This recommendation was adopted by the district court (Doc. 169), 3/19/2019.

A jury trial (Trial Transcript (Docs. 276 & 277), A100-149 and A150-262) was subsequently held on June 12 and June 13, 2023 against DOC Officers Smith, Farier, Stump, and Oswald on Washington's claim that he was sexually harassed by them at SCI-Greene. At the end of Washington's case in chief, Smith, Farier, Stump, and Oswald made a motion for judgment as a matter of law on the basis that Washington's evidence was insufficient to support his claims. (Tr. (Doc. 276) at 43-44, A140-41) The district court granted the motion as to Smith, Farier, and Stump because of insufficiency of the evidence, but denied the motion as to Oswald. (Tr. (Doc. 276) at 45, A141)

---

[2] The remaining Medical Providers also filed a motion for summary judgment as to Washington's claim of deliberate indifference. The Magistrate Judge recommended that this motion be granted as "it is evident from the record that Plaintiff was provided with continuous, on-going care during the time period at issue, just not the care that he wanted or he thought he needed for his self-diagnosed medical problems that were never substantiated with clinical evidence." (R & R (Doc. 168) at 18) This recommendation was adopted by the district court (Doc. 169), 3/19/2019.

Oswald was the sole witness on his behalf. (Tr (Doc. 277) at 7-80, A154-227) He testified that he did not commit any of the material actions alleged by Washington. (*Id.* at 8), A155. Nonetheless, the jury returned a verdict in Mr. Washinngton's his favor. (Jury Verdict (Doc. 262), A48-52) The jury awarded Washington compensatory damages of $20,000 for Oswald's actions on August 1, 2013, and compensatory damages of $20,000 for Oswald's actions on April 2, 2015 (Total compensatory damages of $40,000). In addition, the jury awarded Washington punitive damages of $25,000 for Oswald's actions on August 1, 2013, and punitive damages of $200,000 for Oswald's actions on April 2, 2015 (Total punitive damages of $225,000).

Oswald then renewed his motion for judgment as a matter of law, motion for a new trial, and/or remittitur to reduce the excessive punitive damages award. (Doc. 268, 7/10/2023) (Brief in Support of Motion for Judgment as a Matter of Law (Doc. 269), 7/10/2023). He argued, *inter alia*, that the claims against him lacked legal and factual sufficiency, and the verdict should have been set aside as "contrary to the clear weight of the evidence." (Brf at 3) Even if the jury verdict were supported by the evidence, Oswald additionally argued that the amount of punitive damages was excessive.

The district court denied Oswald's motion.  (Doc. 287, October 2, 2023, A5-7)  In doing so, the district court concluded that the evidence against Oswald was sufficient.  (*Id.* at 1, A3)  It specifically determined that "[Washington] identified Oswald, by name, in connection with the August 1, 2013 incident."  (*Id.* at 2, A4)

It further determined:

> [Washington] did not enjoy the benefit of legal counsel. Unsurprisingly, his testimony was less clear than it would have been on direct examination by an attorney. The Court cannot say, however, that [Washington's] testimony was so unclear that it failed to support the verdict. The jury was able to compare the assertions of [Washington] against those of Oswald, in determining what transpired. The jury found [Washington] more credible. He presented enough evidence, and Defendant's liability-based arguments are unpersuasive.

(*Id.* at 2, A4)

As to Oswald's request to grant remittitur of the award of punitive damages, the district court denied that claim as well. (*Id.* at 2-4)  It recognized that the ratio of compensatory damages to punitive damages was high, but concluded the concerns were less troubling because the amount of compensatory damages was particularly low. (*Id.* at 3, A4)

Oswald then appealed to this Court.  (Doc. 288, 10/30/2023, A1-2)

## STATEMENT OF FACTS

The only evidence in support of Washington's claims were his own testimony. (Tr. (Doc. 276), 11-41, June 12, 2023, A108-138) He made general allegations regarding being harassed by four correctional officers (Smith, Farier, Stump, and Oswald) at SCI-Greene on three separate dates (August 1, 2013, April 2, 2015, and July 14, 2015). Despite his varied allegations of abuse, he did not identify any of the defendants except for Oswald. As a result, the claims against Smith, Farier, and Stump were dismissed pursuant to a Rule 50 motion. The claims against Oswald relating to July 14, 2015 were also dismissed.

### August 1, 2013

Washington testified that corrections officers handcuffed him while transferring him to and from his cell. (Tr. (Doc. 276), at 12-13, A109-110) He further testified that corrections officers rubbed and touched him in a sexual manner while transferring him to and from his cell. (Tr. (Doc. 276), at 12-13, A109-110) This included placing their hands on his rear end and poking him with a pin or some other sharp object. (*Id.*) As he moved, he was subject to being hit with a nightstick. According to Washington, corrections officers would also attempt to insert their nightsticks in his rectum. (*Id.* at 13, A110)

After arriving at the destination (the visiting room), Washington claims that "someone took the tether -- and the person I believe was doing this was Mr.

Oswald -- he pulls it so tight that it caused my arms to come through the wicket." (*Id.* at 13, A110)  This was the only time Washington identified Oswald by name in his testimony.  Another corrections officer, who was with Oswald and was identified as a "sergeant," used a nightstick to prod Washington's rear end.  (*Id.*) On the way back to his cell, Washington received similar treatment.  (*Id.* at 14, A111) He testified that he was struck more than 4 times on the way to the visiting room and about 10 times on the way back to his cell.

When he returned to his cell, Washington could sense blood running down the back of his leg and his crotch was soaked with blood.  Washington suffered psychological trauma from these occurrences.  It has made him uneasy about standing near others or being touched by others.  (*Id.* at 15, A112)

### April 2, 2015

On this date, Washington was escorted from the showers by an officer identified only as someone involved in the earlier event who has now become a sergeant.[3]  Washington testified "He's touching me and all up and down my back and across my rump and all up on me, making sounds like a lady.  Calling me his

---

[3] According to Washington's earlier testimony, there was another officer involved in the August 1, 2013 incident who was a sergeant.  Without a name, it is not clear that the officer identified by Washington was Oswald or someone else. *Id.* at 13-14, A110-111.

blackberry and sweet dark sugar and all this stuff. Making noise." (*Id.* at 16, A113)  He also said that Washington's rear was "soft as cotton."  He also tried to poke Washington's rear with his finger.  (*Id.* at 17, A114)  On that same date, Washington was further escorted by a group of corrections officers.  One or more in the group would rub their penis against his leg or thigh.  (*Id.* at 17, A114)  Oswald was not identified as one of these officers. (*Id.* at 16-19, A113-116)

## STATEMENT OF RELATED CASES

This case has previously been before the Court in an appeal brought by Mr. Washington at No. 17-3151. The Court dismissed that appeal as a non-appealable interlocutory order. (Order, December 7, 2017) Washington has also filed a cross appeal at No. 23-2277. This appeal is still pending.

# SUMMARY OF ARGUMENT

Washington, a state prisoner, brought various constitutional claims against corrections officers and private health care providers pursuant to Section 1983.  All but four of the defendants (DOC Officers Smith, Farier, Stump, and Oswald) were dismissed or were granted summary judgment prior to trial.  Trial was held against Officers Smith, Farier, Stump, and Oswald on the remaining claim of sexual harassment.

Washington's sole evidence was his own testimony. At the end of Washington's case in chief, Smith, Farier, Stump, and Oswald made a motion for judgment as a matter of law on the basis that Washington's evidence was insufficient to support his claims.  The motion was granted as to Smith, Farier, and Stump because of insufficiency of the evidence, but denied as to Oswald. Washington specifically named Oswald in his testimony, although not specifically in the context of sexual harassment.

The jury returned a verdict in favor of Washington and against Oswald.  The jury awarded Washington compensatory damages of $20,000 for Oswald's actions on August 1, 2013, and compensatory damages of $20,000 for Oswald's actions on April 2, 2015 (Total compensatory damages of $40,000).  In addition, the jury awarded Washington punitive damages of $25,000 for Oswald's actions on August

1, 2013, and punitive damages of $200,000 for Oswald's actions on April 2, 2015 (Total punitive damages of $225,000).

Oswald then renewed his motion for judgment as a matter of law, motion for a new trial, and/or remittitur to reduce the excessive punitive damages award. The evidence simply does not support the Jury's verdict as to either the August 1, 2013 claim or the April 2, 2015 claim asserted against him. As to both of these claims, Washington's case-in-chief consisted entirely of his own testimony. While he generally testified as to harms committed against him, he largely failed to identify specific actions taken by Oswald against him. Overall, Washington's testimony was deficient in demonstrating that Oswald was responsible, as opposed to other defendants, for the violation of his rights. There was no testimony from Washington describing any act or form of sexual abuse perpetrated by Oswald against him. The jury's verdict was based on speculation and not evidence.

Even if the evidence were sufficient to support the verdict, the award of punitive damages is excessive and should be reduced under *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003). The punitive damages award for the April 2, 2015 incident was a 10 to 1 ratio. This by itself warrants this Court reducing the damage award or at least remanding the case for a new trial on damages.

## ARGUMENT

**I.  THE IDENTIFICATION OF OSWALD THROUGH WASHINGTON'S TESTIMONY WAS INSUFFICIENT TO ESTABLISH THAT OSWALD HAD SEXUALLY HARASSED HIM.**

**Standard of Review: The district court's decision to deny a JNOV motion is "whether there is sufficient evidence to support the verdict, drawing all reasonable inferences in favor of the verdict winner."** *Blum v. Witco Chemical Corp.*, **829 F.2d 367, 372 (3d Cir. 1987).  A motion for a new trial is generally reviewed for abuse of discretion. An abuse of discretion arises where the district court's decision "rests upon a clearly erroneous finding of fact, errant conclusion of law or an improper application of law to fact."** *Oddi v. Ford Motor Co.*, **234 F.3d 136, 146 (3d Cir. 2000).** *See also Honeywell v. American Standards Testing Bureau*, **851 F.2d 652, 655 (3d Cir.1988), cert. denied, 488 U.S. 1010 (1989). However, if the district court's decision is based on the application of a legal precept, the review is de novo.** *See Starceski v. Westinghouse Electric Corp.,* **54 F.3d 1089, 1095 (3d Cir. 1995).**

Oswald's Motion for Judgment as a Matter of Law should have been granted because the evidence does not support the Jury's verdict as to either the August 1, 2013 claim or the April 2, 2015 claim asserted against him. As to both of these claims, Washington's case-in-chief consisted entirely of his own testimony.  While he generally testified as to harms committed against him, he largely failed to identify specific actions taken by Oswald against him.  As a result, as the sole remaining defendant, the jury was free to assess lability in a wholesale manner against Oswald for actions generally alleged against corrections officials, but not

specifically alleged against Oswald. This constituted guilt by association and not liability supported by the evidence of Oswald's actions.

As reflected by Washington's trial testimony, the only conduct specifically attributed to Oswald was during the August 1, 2013 incident when Oswald pulled on the tether attached to Washington's handcuffs after Washington was placed in the visiting room. (See Transcript of Jury Trial, June 12, 2023, at 13; A110) However, there was no testimony from Washington describing any act or form of sexual abuse perpetrated by Oswald during this incident. The verdict returned on this evidence was the result of speculation as to acts of sexual abuse –if any– committed by Oswald as opposed to other unnamed corrections officers.

On the April 2, 2015 claim, there was no evidence proffered at trial to support the conclusion that Oswald was involved in that incident. Of significance here, Washington's testimony failed to substantively establish the identity of the corrections officer involved in the April 2, 2015 incident. (See Transcript of Jury Trial, June 12, 2023, at 16-19, A113-116).

With respect to the second incident on April 2, 2015, Washington testified as follows:

> Now, the next -- the next allegation I'd like to make is, once again, a sergeant. One of the guys that was in the first event had became a sergeant. The sergeants don't usually do showers. This is during showers that all of a sudden he appears. And he wasn't assigned to the block. How did he get over there? I don't know. But he come to

get me from the shower and right away he starts.  And I'm saying, 'Don't touch me.'

He's touching me and all up and down my back and across my rump and all up on me, making sounds like a lady.  Calling me his blackberry and sweet dark sugar and all this stuff.  Making noise.  And escorting me to my cell, I'm trying to get away from him because the last thing you want is someone to see you being treated like if somebody's having sex with you.  So by the time I get to my cell, for, like, maybe the third time, he takes a full hand on my rump in the palm of his hand.  So I'm jumping because I'm trying to keep away from him.  They got a tether they hold to you where you can't go so -- so far.  So he's saying, 'Oh, it's soft as cotton,' talking about rubbing my rear end and squeezing my rear end.

And as I get inside the door, he takes and shoves his finger into my buttocks.  You know, as if he's trying to insert his finger into my rectum.  So he's going to spray me if I run to the back of the cell.  Plus, he has a tether on me.

So when I go to get out -- put my hand through the wicket to get them -- for the handcuffs off, he starts again.  He ain't trying to get the handcuffs off.  He wants to poke me in the rectum.

So that's pretty much the way that that second event happened.  And that was one of the guys that was involved in the first event.  He had became a sergeant then.

Now, as you can see, those -- that's more than one act that occurred there in that second date there.

(Transcript of Jury Trial, June 12, 2023, at 16-17, A113-114)

At no point in this testimony did Washington identify Oswald as being involved in this incident.  While Washington testified that "[o]ne of the guys that was in the first event had became [sic] a sergeant," (Transcript of Jury Trial, June 12, 2023, at 16, A113)), he did not establish the identity of this officer.   Further,

16

during Washington's case-in-chief, he never identified Oswald –or any other

defendant– by rank.  However, in the first incident, he described one officer other

than Oswald as a sergeant.  (Transcript of Jury Trial, June 12, 2023, at 13, A110)

This would suggest that without further clarification, a person described as a

sergeant could be one of at least two individuals, and possibly not Oswald at all.

Thus, any verdict returned on this evidence was simply the result of speculation as

to the identity of this officer.

Accordingly, the evidence was insufficient to enter a verdict against Oswald.

Judgment should have been entered in favor of Oswald and against Washington.

In the alternative, Oswald should have been granted a new trial on the ground that

the verdict was against the weight of the evidence.


## II.      THE PUNITIVE DAMAGE AWARD IS GROSSLY EXCESSIVE AND SHOULD BE REDUCED, AS A MATTER OF LAW.

**Standard of Review:  "The rationalization for, and use of, the remittitur is well established as a device employed when the trial judge finds that a decision of the jury is clearly unsupported and/or excessive." *Spence v. Board of Education of Christina School District*, 806 F.2d 1198, 1202 (3d Cir. 1986).  A district court's decision denying a request for remittitur is reviewed for abuse of discretion. *Jester v. Hutt*, 937 F.3d 233, 237 (2019).**

In this case, with regard to the April 2, 2015 claim, the jury awarded

Washington $200,000 in punitive damages –ten times the compensatory award of

$20,000.   First, the underlying verdict is not supported by the evidence as Oswald

was not adequately identified by Washington for the reasons explained in the preceding argument section. As a consequence, Washington's request for punitive damages also fails.   Second, the punitive award against Oswald is impermissibly excessive under both due process and federal common law and must be reduced. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) (hereinafter "*Exxon*"); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003) (hereinafter "*State Farm*").

In *Exxon*, a maritime case which involved federal common law  as well as the authority for punitive damages in Section 1983 cases like this one– the Supreme Court held that federal common law contains "more rigorous standards than the constitutional limit" on punitive damage awards.  *Exxon,* 554 U.S. at 506. The constitutional limit, the Supreme Court has held, should rarely exceed "a single-digit ratio between punitive and compensatory damages," and "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety."  *State Farm*, 538 U.S. at 425.  But in *Exxon*, where federal common law governed punitive damages, the Supreme Court held that "a 1:1 ratio, which is above the median award, is a fair upper limit."  554 U.S. at 513.

This Court has a duty to scrutinize jury awards of punitive damages to ensure they are not excessive, in violation of federal common law and due process.

*State Farm*, 538 U.S. at 416 ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor.").  In addition, federal common law prohibits excessive punitive damage awards as well.  *See Exxon,* 554 U.S. 471.  Here, the jury's award of $200,000 in punitive damages based on a $20,000 compensatory damage award is grossly excessive such that it violates due process and federal common law, and accordingly must be reduced.

This Court has stated that "punitive damages in general represent a limited remedy, to be reserved for special circumstances."  *Savarese v. Agriss*, 883 F.2d 1194, 1205 (3d Cir. 1989)(*citing Cochetti v. Desmond*, 572 F.2d 102, 105-06 (3d Cir. 1978)).  "[D]espite its utility as a deterrent, the punitive damage remedy must be reserved, we think, for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief."  *Cochetti*, 572 F.2d at 106.  A trial court reviewing a punitive award should generally focus on three main guideposts: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages award by the jury and the civil penalties authorized or imposed in comparable cases."  *State Farm*, 538 U.S. at 418; *see also Exxon,* 554 U.S. at 501.

1. **While the jury's verdict found that Washington's Constitutional rights were violated, Oswald's conduct falls short of extreme levels of reprehensibility.**

The first guidepost to determining whether punitive damages are excessive is the degree of reprehensibility. But even if a jury has returned a verdict based on finding a violation of the plaintiff's rights, it is still possible –indeed, it is the Court's duty– to make distinctions between the present case and other comparable Section 1983 cases with punitive awards. Reprehensibility has to be considered on a spectrum, which can range up to extreme circumstances involving violations that, for example, are committed or encouraged by superior officials, or involve acts that are purely sadistic, or that result in a person's death. See *Exxon,* 554 U.S. at 493 ("Under the umbrellas of punishment and its aim of deterrence, degrees of relative blameworthiness are apparent").

The analysis of reprehensibility has been distilled into five main factors: whether

> [1] the harm caused was physical as opposed to economic; [2] the tortious conduct evinced an indifference to or reckless disregard of the health or safety of others; [3] the target of the conduct had financial vulnerability; [4] the conduct involved repeated actions or was an isolated incident; and [5] the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*CGB Occupational Therapy, Inc*., 499 F.3d 184, 190 (3d Cir. 2007)(*quoting State Farm*, 538 U.S. at 419). The evidence in this case cannot support the necessary

level of "reprehensibility" to support the extreme award of punitive damages returned by the jury.

For purposes of discussion, we will assume that the jury's verdict may support a determination on the first two factors despite the fact that the testimony directed to Oswald's specific conduct is sparse. On balance, the record does not support a finding of reprehensibility at the level required to support the amount of the punitive damages award. Indeed, there was no record evidence that Washington was financially vulnerable nor was there evidence that the possibility of such vulnerability played a role in the events at issue. This was not a case involving attempted extortion or other misconduct involving "behavior driven primarily by desire for gain," which the Supreme Court has called one of the "earmarks of exceptional blameworthiness." *Exxon*, 554 U.S. at 513.

Further, on the record of this case, although the jury also found Oswald liable for a prior incident some two years earlier, there was no testimony by Washington that Oswald sexually abused him in that incident. *See State Farm*, 538 U.S. at 424 ("[B]ecause the Campbells have shown no conduct by State Farm similar to that which harmed them, the conduct that harmed them is the only relevant conduct to the reprehensibility analysis"). *Cf. Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672, 677 (7th Cir. 2003)(affirming a punitive award of $186,000 based on compensatory damages of $5,000 per plaintiff, a 37:1 ratio,

where a bedbug-infested hotel repeatedly failed to properly clean its rooms and repeatedly attempted to defraud customers as to the existence of the infestation). Without evidence of serial misconduct, the record cannot support the extraordinary six-figure punitive award against Oswald.

Lastly, there was no evidence presented to demonstrate Oswald's actions were the result of intentional malice, trickery, or deceit. Absent the reprehensible conduct necessary to support a punitive damage award, Oswald submits the punitive damage award in this case should have been significantly reduced. Reducing the punitive award is certainly not equivalent to condoning the violations found by the jury, but it is the function of the Court to ensure that such extraordinary levels of punitive damages are effectively reserved for the most serious violations, in order to avoid the "real problem" identified by the Supreme Court of "the stark unpredictability of punitive awards." *Exxon*, 554 U.S. at 472. A jury is not in a position to place its award in context, given past awards, nor is it expected to consider that its award will set a precedent in future cases. That is the job of this Court, as the Supreme Court has repeatedly stated. *See State Farm*, 538 U.S. 408; *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Exxon,* 554 U.S. 471. Accordingly, the punitive award should be reduced in this instance.

**2.      The 10:1 ratio of punitive damages to compensatory damages in this case exceeds constitutional and common law limits and must be adjusted downward.**

The punitive award in this case violates the principles of proportionality laid down by the Supreme Court, based on due process and federal common law, and must be adjusted downward. "The second and perhaps most commonly cited indicium of an unreasonable or excessive punitive damages award is its ratio to the actual harm inflicted on the plaintiff." *CGB Occupational Therapy*, *Inc*., 499 F.3d at 192 (*quoting Gore*, 517 U.S. at 580). As this Court has explained, "the ratio of punitive damages to the harm caused by the defendant is a tool to insure that the two bear a reasonable relationship to each other." *Willow Inn, Inc. v. Public Service Mutual Ins. Co*., 399 F.3d 224, 233-234 (3d Cir. 2005). And as the Supreme Court stated in *State Farm,* "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm*, 538 U.S. at 425; *see also Exxon*, 554 U.S. at 514-515 ("In *State Farm*, we said that a single-digit maximum is appropriate in all but the most exceptional of cases…."); *see also id*., at 510 (noting that, among jurisdictions to have adopted a fixed maximum ratio of punitive damages, the majority of states cap the ratio at 3:1, even in cases "involving some of the most egregious conduct, including malicious behavior and dangerous activity carried on for the purpose of increasing a tortfeasor's financial gain").

The Supreme Court's decision in *Exxon* is an essential guide for assessing the ratio in this case and has been cited by this Court in Section 1983 cases as such.

*See Mejias v. Roth (In re Bayside Prison* Litig.), 331 F.App'x 987, 994 (3d Cir. 2009).

While there was a compensatory damage award here, a reduction in the punitive damage award to a 1:1 or 2:1 ratio –or the 5:4 ratio awarded by the jury on Washington's August 1, 2013 claim– appears appropriate. Other cases support this proposition. In *Mejias v. Roth* (*In re Bayside Prison Litigation*), 331 F.App'x 987 (3d Cir. 2009), this Court reversed and remanded a $200,000 punitive award based on $45,000 in compensatory damages, or a 4.5 to 1 ratio. The plaintiff was a prison inmate who was "severely beaten" during a prison lockdown, resulting in "extensive bruising" as determined by prison investigators; there was evidence that the defendant –a prison administrator who, this Court noted, "occupied a unique position of authority and responsibility"– was aware of but "failed to respond to numerous allegations of inmate abuse," and was held liable for deliberate indifference under § 1983. *Mejias* at 988. Despite being "cognizant of facts supporting a punitive damages verdict here," this Court was troubled by the district court's failure to consider whether a 4.5 to 1 may be close to the line of constitutional impropriety. *Id*. at 993-994.

Recommending *Exxon* and other precedents such as *State Farm* and *Gore* as providing "helpful guidance to district courts," this Court remanded the case in *Mejias* for "close scrutiny" and a "hard look." *Mejias* at 993-94. Indeed, one

member of the panel, Judge Garth, would have held "that the maximum constitutional limit for punitive damages is a ratio of 1:1." *Id.,* at 993 n. 11. After remand, the total judgment was reduced to $112,500 by agreement of the parties, see Case No. 07-3913, at [ECF 1108]– a ratio of 1.5 to 1, which is far below the ratio of the punitive award to the compensatory award in this case.

In *Kerwin v. McConnell*, 2008 WL 4525369 (W.D.Pa. 2008), the district court found that a $100,000 punitive damage award was excessive for a Section 1983 violation where the compensatory damages were only $5,000. Kerwin took place against a background of allegations and evidence of official misconduct by prison officials (including assaults and humiliating strip searches), and the defendant, a prison official, was held liable for violating the plaintiff's First Amendment rights by issuing a misconduct citation in retaliation for the plaintiff's filing of a lawsuit. Id., at *2-*3. The district court reduced the punitive award to $7,500, or a ratio of 1.5 to 1 (i.e., the same outcome as occurred in the *Mejias* case following remand from this Court). Id., at *9. *Cf. Johnston v. City of Pittsburgh*, 2014 WL 4649863, *2 (W.D.Pa. 2014)(judicial award of $5,000 in punitive damages to a plaintiff in a "road rage" incident involving an off-duty municipal police officer based on a $5,302 compensatory award for "assault, battery, and malicious prosecution" causing economic damages and "bodily harm and emotional distress …").

These cases demonstrate that the punitive award in the present case is grossly excessive, and far out of line with awards in comparable cases of alleged official misconduct in the Third Circuit, and in other federal courts. *See also Sheedy v. City of Philadelphia*, 184 F.App'x 282, 285 (3d Cir. 2006)(per curiam)(in vacating a jury verdict against a defendant police officer for malicious prosecution and false arrest under § 1983, noting that "the District Court erred in failing to reduce the punitive damages to a single-multiplier of the jury's compensatory award")(citing State Farm, 538 U.S. at 425); *Jacobs v. Pennsylvania Department of Corrections*, 2011 WL 2295095 (W.D.Pa. 2011)(approving ratio of less than 2 to 1, based on compensatory damages of $35,005, in a pro se prisoner case alleging Section 1983 claims for violations of constitutional right to access to the courts, retaliation and conspiracy, and state-law defamation claim); *Shrey v. Kontz*, 981 F.Supp.2d 333, 351 (M.D.Pa. 2013)(approving ratio of 3.09 to 1, based on compensatory damages of $14,553.09, in a case of a police officer's illegal seizure of property); *Sallitt v. Stankus*, 720 F.Supp.2d 645, 650-651 (M.D.Pa. 2010)(approving ratio of 0.4 to 1, with punitive award of $100,000 on a compensatory award of $255,000, in a case alleging employment retaliation for supporting political opponents: "Therefore, the punitive damages award is less than the compensatory award and the ratio is appropriate under *Exxon*").

Neither of the two main exceptions to Exxon's golden ratio of 1 to 1 is applicable here: (1) injury that is hard to detect or determine, or (2) nominal or low compensatory damages (especially economic in nature). First, a higher ratio may be acceptable "in cases in which the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine." *Gore*, 517 U.S. at 582; see also Exxon, 554 U.S. at 494. This exception is not applicable in this case, in which the injury is not "hard to detect." Washington here was awarded a not insignificant sum of $20,000 based on his testimony concerning the injuries he claimed to have suffered. Therefore, the first exception under *Exxon* does not apply here.

Second, a higher ratio may be acceptable "when the value of injury and the corresponding compensatory award are small (providing low incentives to sue)." *Id*. As an example of such an exception, the Supreme Court has focused on nominal damages, such as may be awarded in a Section 1983 case. See *id. Cf. Allah v. Al-Hafeez*, 226 F.3d 247, 252 (3d Cir. 2000)("Punitive damages may … be awarded based solely on a constitutional violation, provided the proper showing is made"). "Because actions seeking vindication of constitutional rights are more likely to result only in nominal damages, strict proportionality would defeat the ability to award punitive damages at all." *Williams v. Kaufman County*, 352 F.3d

994, 1016 (5th Cir. 2003). But this is not a case involving nominal damages and so this second basis would not ordinarily apply here.

Another example of the exception under *Exxon* is if "a particularly egregious act has resulted in only a small amount of economic damages." *Gore,* 517 U.S. at 582; *see also Exxon*, 554 U.S. at 494. In the present case, however, this exception does not apply as Washington's alleged injuries are not economic. Fundamentally, while the testimony regarding Washington's injuries was limited, Washington's compensatory award of $20,000 was not "small."

And the special circumstances of Section 1983 litigation mean that any importance of punitive damages as providing "incentive to sue" –which *Exxon* viewed as highly relevant– is not significant in this case. Thus none of the possible exceptions to the Supreme Court's guidance on proportionality of punitive awards apply here. This Court must therefore adjust the punitive award downward, in order to avoid the stark unpredictability the Supreme Court warned of in Exxon.

**3.      This Court is not required to remand this case for a new trial but may order a reduction in punitive damages.**

This Court has the authority to order a reduction in the punitive award without offering Washington the option of retrying the issue to a jury. "Because the jury's award of punitive damages does not constitute a finding of 'fact,' appellate review … does not implicate the Seventh Amendment." *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 437 n. 11 (2001).

Therefore, when a district court orders a reduction in punitive damages (whether under the label of "remittitur" or some other procedural name), it is well-established that the court may make its own determination as to a proper amount and then order such an amount. See, e.g., *Exxon,* 554 U.S. at 295 ("As for procedure, in most American jurisdictions the amount of the punitive award is generally determined by a jury in the first instance, and that determination is then reviewed by trial and appellate courts to ensure that it is reasonable")(internal quotation marks omitted); *see also id*., at 515 (remanding for punitive award to be remitted, not retried); *Ross v. Kansas City Power & Light Co*., 293 F.3d 1041, 1049-1050 (8th Cir. 2002); *Johansen v. Combustion Engineering, Inc*., 170 F.3d 1320, 1331-32 (11th Cir. 1999). Thus, because the excessive punitive award does not represent a "fact" found by the jury here, the Court should remit the award to a lower number and enter judgment accordingly.

## CONCLUSION

WHEREFORE, the Appellant, T.S. Oswald respectfully requests:

(1)     that the Court enter judgment in Oswald's favor as a matter of law and/or grant a new trial on the August 1, 2013 claim; and

(2)     that the Court enter judgment in Oswald's favor as a matter of law and/or grant a new trial on the April 2, 2015 claim; or, alternatively,

(3)     that the Court enter a remittitur and reduce the punitive damage award on the April 2, 2015 claim to no more than $40,000.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By:     /s/ Howard G. Hopkirk

HOWARD G. HOPKIRK
Senior Deputy Attorney General
Bar No. 74264 (Pa.)

J. BART DeLONE
Chief Deputy Attorney General
Chief, Appellate Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 783-1478
FAX:   (717) 772-4526

DATE: March 27, 2024

# CERTIFICATE OF COUNSEL

I, Howard G. Hopkirk, Senior Deputy Attorney General, hereby certify as follows:

1. That I am a member of the bar of this Court.

2. That the text of the electronic version of this brief is identical to the text of the paper copies.

3. That a virus detection program was run on the file and no virus was detected.

4. That this brief contains 6,396 words within the meaning of Fed. R. App. Proc. 32(a)(7)(B). In making this certificate, I have relied on the word count of the word-processing system used to prepare the brief.

/s/ Howard G. Hopkirk

HOWARD G. HOPKIRK
Senior Deputy Attorney General

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

**No. 23-2963**

_____

**HENRY UNSELD WASHINGTON**

**v.**

**ROBERT GILMORE, ET. AL**

**T. S. OSWALD,**

**Appellant**

_____

**APPENDIX VOLUME I**

_____

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ENTERED OCTOBER 2, 2023

MICHELLE HENRY
*Attorney General*

BY:    HOWARD G. HOPKIRK
*Senior Deputy Attorney General*

Office of Attorney General
15th Floor, Strawberry Square            J. BART DELONE
Harrisburg, PA 17120                     *Chief Deputy Attorney General*
Phone: (717) 783-1478                    *Chief, Appellate Litigation Section*
FAX:   (717) 772-4526

DATE: March 27, 2024

# TABLE OF CONTENTS

## VOLUME I

PAGE:

Notice of Appeal ......................................................................App. 1-2

Order Denying Judgment as a Matter of Law (10/2/2/023) (Doc. #267)...App. 3-7

Docket Entries ........................................................................App. 8-45

Jury Verdict (6/14/2023) (Doc. #262). .................................................App. 46-50

Judgment (6/14/2023) (Doc. #263) ........................................................ App. 51

## VOLUME II

Amended Complaint (Doc. #78)..........................................................App. 52-91

Amended Answer to Amended Complaint of DOC Defendants
   (Doc. #115) .......................................................................App. 92-97

Trial Transcript 6/12/2023 (Doc. #276) ...............................................App. 98-147

Trial Transcript 6/13/2023 (Doc. #277) ..............................................App. 148-260

Jury Instructions (6/13/2023) (referenced in (Doc. #255)...................App.261-277

**CERTIFICATE OF SERVICE**

I, Howard G. Hopkirk, Senior Deputy Attorney General, do hereby certify

that I have this day served the foregoing Brief for Appellant Oswald, and

Appendix Volume I on the following:

Via ECF

Samuel Weiss, Esq.
Rights Behind Bars
416 Florida Avenue NW
Unit 26152
Washington, DC 20001
(Counsel for Appellant)

By:   /s/ Howard Hopkirk
       HOWARD HOPKIRK
       Senior Deputy Attorney General

Seven copies of the brief and the Appendix Vol. I were also sent by first class mail

to the Clerk of the United States Court of Appeals for the Third Circuit in

Philadelphia, Pennsylvania.

/s/ Howard G. Hopkirk

HOWARD G. HOPKIRK
Senior Deputy Attorney General

DATE: March 27, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON,   }
             } No. 2:15-cv-01031-CB
       Plaintiff,  }
             } Judge Bissoon
   vs.         }
             }
J.M. SMITH, *Sergeant*;    }
T.S. OSWALD, *Corrections Officer*; }
D. FARRIER, *Corrections Officer*, }
and M. STUMP, *Corrections Officer*, }
             } ***Electronically Filed.***
      Defendants. }

### NOTICE OF APPEAL

Notice is hereby given that, T.S. OSWALD, *Corrections Officer*, a Defendant in the above captioned case, hereby appeals to the United States Court of Appeals for the Third Circuit from the Order [ECF 287] entered on October 3, 2023, denying the Defendant's Motion for Judgment as a Matter of Law and/or for New Trial, or, In the Alternative, Remittitur to Reduce the Excessive Punitive Damage Award, which is a final Order for purposes of 28 U.S.C. § 1291. Defendant Oswald appeals this final order, as well as all orders and judgments subsumed therein.

         Respectfully submitted,

         MICHELLE A. HENRY
         Attorney General

         ___s/ Scott A. Bradley_____
Office of Attorney General    Scott A. Bradley
Litigation Section       Senior Deputy Attorney General
1521 Waterfront Place      Attorney I.D. No. 44627
Mezzanine Level
Pittsburgh, PA 15222      Karen M. Romano
             Chief Deputy Attorney General
Phone: (412) 565-3586
Fax: (412) 565-3019

Date: October 30, 2023

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HENRY UNSELD WASHINGTON, | } |
| | }    No. 2:15-cv-01031-CB |
| Plaintiff, | } |
| | }    Judge Bissoon |
| vs. | } |
| | } |
| J.M. SMITH, *Sergeant*; | } |
| T.S. OSWALD, *Corrections Officer*; | } |
| D. FARRIER, *Corrections Officer*, | } |
| and M. STUMP, *Corrections Officer*, | } |
| | }    *Electronically Filed.* |
| Defendants. | } |

## CERTIFICATE OF SERVICE

I hereby certify that this 30th day of October, 2023, I caused to be served a true and correct copy of the foregoing document titled **Notice of Appeal** by mailing a copy to the Plaintiff at the following address:

*via First Class Mail:*

Smart Communications/PADOC
Henry Unseld Washington/AM3086
SCI-Somerset
PO Box 33028
St. Petersburg, FL 33733

Office of Attorney General
Litigation Section
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Phone: (412) 565-3586
Fax:    (412) 565-3019

  /s/ Scott A. Bradley
Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Karen M. Romano
Chief Deputy Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HENRY UNSELD WASHINGTON,    )
    )
        Plaintiff,    )    Civil Action No. 15-1031
    )
v.    )    Judge Cathy Bissoon
    )
ROBERT D. GILMORE, *et al.*,    )
    )
        Defendants.    )

## ORDER

Defendant's Motion (Doc. 268) for judgment as a matter of law, for a new trial or for remittitur to reduce the punitive damages award will be denied.

Defendant's arguments regarding liability are premised on the notion that Plaintiff's evidence was insufficient to establish that Oswald sexually abused him during incidents on August 1, 2013 and April 2, 2015.  The jury disagreed, and there is no basis to disturb its decision.

Although judgment as a matter of law was entered against corrections officers other than Oswald – because Plaintiff did not introduce evidence differentiating between them or establishing their participation – his evidence regarding Oswald was sufficient. Plaintiff identified Oswald as an officer who later "became a sergeant." *See* Trial Tr. (Doc. 276) at 16.  Oswald, in his direct testimony, confirmed the promotion.  Doc. 277 at 7-9.  There was no suggestion that any other corrections officer likewise was promoted.

Plaintiff identified Oswald, by name, in connection with the August 1, 2013 incident.[1]
And he testified that the corrections officer who later was promoted to sergeant (Oswald)
sexually abused him on April 2, 2015.  Doc. 276 at 13-15, 16-17.

Plaintiff did not enjoy the benefit of legal counsel.  Unsurprisingly, his testimony was
less clear than it would have been on direct examination by an attorney.  The Court cannot say,
however, that Plaintiff's testimony was so unclear that it failed to support the verdict.  The jury
was able to compare the assertions of Plaintiff, against those of Oswald, in determining what
transpired.  The jury found Plaintiff more credible.  He presented enough evidence,
and Defendant's liability-based arguments are unpersuasive.

Defendant's Motion for remittitur − to reduce the punitive damages award ($200,000)
regarding the incident on April 2, 2015[2] − presents a closer question.  The Court considers:
(1) the degree of reprehensibility of Defendant's misconduct; (2) the disparity between the actual
or potential harm suffered by Plaintiff and the punitive damages award; and (3) the difference
between the punitive damages awarded here and in comparable cases.  CGB Occupational
Therapy, Inc. v. RHA Health Servs., Inc., 499 F.3d 184, 189 (3d Cir. 2007) (citation to quoted
sources omitted here, and hereinafter).

The degree of reprehensibility is the most important factor.  Id. at 190.  Reprehensibility
is measured by, among other things, whether the harm was physical versus economic; whether
the conduct evinced indifference to or reckless disregard of the health or safety of others;

---

[1] See Doc. 276 at 13-14 (alleging that Oswald pulled Plaintiff's tether, but also that the officers
"st[uck] and prod[ded]" his buttocks several times as he was being led to and from his cell).

[2] Defendant does not challenge the award of $25,000 in punitive damages regarding the
August 1, 2013 incident. See Def.'s Br. (Doc. 269) at 8 n.1.

2

whether the conduct involved repeated actions, as opposed to an isolated incident; and whether the conduct was the result of intentional malice, as opposed to mere accident. *Id.*

"[T]here is something particularly reprehensible about a law enforcement officer assaulting an inmate under his care," given the "outrageous abuse of power and authority." Doe v. Green, 2021 WL 2188534, *8 (S.D.N.Y. Apr. 29, 2021). By definition, sexual abuse in violation of the Eight Amendment invaded Plaintiff's physical being; it evinced indifference or reckless disregard; and it was the result of intentional malice. *See* Ricks v. Shover, 891 F.3d 468 (3d Cir. 2018). According to the jury, Plaintiff did not suffer an isolated incident. It happened on two separate occasions. *See* Jury Verdict (Doc. 262).

As for the disparity between compensatory ($20,000) and punitive damages ($200,000), the 10-to-1 ratio admittedly is high. Given the relatively low amount of compensatory damages awarded, however, concerns regarding the ratio are less salient. Coleman v. Vinson, 2019 WL 4644261, *1 (S.D. Ill. Sept. 24, 2019) ("[t]he smaller the compensatory damages, the higher the ratio of punitive to compensatory damages has to be in order to fulfill the objectives" of punishment and deterrence); *accord* Mackey v. Watson, 2020 WL 4734339, *3 (D. Colo. Aug. 14, 2020) (in cases "where there are little to no compensatory damages to compare, courts have consistently declined to apply the Supreme Court's 'ratio to the actual harm' factor for assessing the excessiveness of punitive damages").[3]

Finally, a comparison of the jury award to those in comparable cases does not compel remittitur. As previously indicated, the jury's punitive damages award fairly may be described

---

[3] In light of this jurisprudence, a jury award of nominal damages ($1) paradoxically may have made the punitive damages award less susceptible to challenge. The Court believes that the $20,000 compensatory award should be viewed on a continuum. Obviously, it is higher than an award of nominal damages; but it is not so high as to invite a second-guessing of the jury's determination regarding the amount necessary to punish and deter.

3

as falling at the "high end." But it is not unprecedented. *See, e.g.*, <u>Coleman</u>, at *2 (collecting cases, including ones where $54,000 in punitive damages were permitted alongside $6,000 compensatory, and $90,000 punitive, alongside $10,000 compensatory); <u>Johnson v. Howard</u>, 24 Fed. Appx. 480, 487 (6th Cir. Dec. 12, 2001) (affirming $300,000-punitive to $30,000-compensatory ratio in prisoner civil rights case).[4]

In the end, the jury's award of punitive damages was just that – the jury's award. The Court declines Defendant's invitation to second guess. *See* <u>Johansen v. Combustion Eng'ring, Inc.</u>, 170 F.3d 1320, 1331 n.16 (11th Cir. 1999) (unless the award is unconstitutional, a reduction "would invade the province of the jury"). That the jury awarded different amounts of punitive damages, in connection with the separate incidents, evinces its measured consideration of the evidence. *See* <u>Cherrone v. Snyder</u>, 2021 WL 4355589, *5 (S.D. Ind. Sept. 24, 2021) (finding same, based on jury's determination that different corrections officers had varying degrees of culpability). The Court will not disturb its findings.

Consistent with the foregoing, Defendant's Motion (**Doc. 268**) for judgment as a matter of law, a new trial or remittitur is **DENIED**.

IT IS SO ORDERED.


October 2, 2023                                 s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

---

[4] Some of the cases with more modest awards, and ratios, came in decisions from the bench. *See, e.g.*, <u>Doe v. U.S.</u>, 2018 WL 2431774, *10 (D. Ariz. May 30, 2018) (applying more modest ratio, for prisoner sexual assault, within the context of default judgment); <u>Recio v. Vasquez</u>, 2023 WL 2144300, *1 (N.D. Tex. Feb. 2, 2023) (same, regarding prisoner excessive force). More as a matter of self-recognition than loathing, it seems fair to suggest that juries are less inclined toward "navel gazing." The jury determined the amount-necessary to punish and deter, and it smacks of temerity to assume the Court knows better.

Washington000006

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Henry Unseld Washington
AM-3086
SCI Somerset
1600 Walters Mill Road
Somerset, PA  15510-0001

5

Washington000007

- <u>Civil</u>
- <u>Criminal</u>
- <u>Query</u>
- <u>Reports</u>
- <u>Utilities</u>
- <u>Search</u>
- Help
- <u>Log Out</u>

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CIVIL DOCKET FOR CASE #: 2:15-cv-01031-CB

WASHINGTON v. GILMORE et al
Assigned to: Judge Cathy Bissoon
related Case: <u>3:17-cv-00070-KRG-LPL</u>
Case in other court: Third Circuit, 17-03151
                Third Circuit, 23-02277
                Third Circuit, 23-02963
Cause: 42:1983pr Prisoner Civil Rights

Date Filed: 08/07/2015
Date Terminated: 06/15/2023
Jury Demand: Defendant
Nature of Suit: 555 Prisoner Civil Rights
(Prison Condition)
Jurisdiction: Federal Question

## Plaintiff

**HENRY UNSELD WASHINGTON**

represented by **HENRY UNSELD WASHINGTON**
AM-3086
SCI SOMERSET
1600 Walters Mill Road
Somerset, PA 15510-0001
PRO SE

**Susan Kessler**
Jones Day
500 Grant Street
Suite 4500
Pittsburgh, PA 15219
412-394-7234
Email: skessler@jonesday.com
*TERMINATED: 03/06/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**ROBERT D. GILMORE**
*Warden*
Washington000008

represented by **John P. Senich , Jr.**
The Lindsay Law Firm, P.C.

*TERMINATED: 03/19/2019*

Civil Litigation
110 East Diamond Street
Suite 301
Butler, PA 16001
724-282-6600
Fax: 724-282-2672
Email: jp@lindsaylawfirm.com
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
PA Department of Corrections
Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
717-710-8986
Email: mafriedline@pa.gov
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**TRACY SHAWLEY**
*Warden's Assistant*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**S. P. DURCO**
*RHU Commander*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**P. E. BARKEFELT**
*RHU Lieutenant*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Washington000009

Mary Lynch Friedline
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**A. J. MORRIS**
*Lieutenant*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**C. WILLIAMS**
*Lieutenant*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**G. CRABLE**
*Sergeant*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. M. SMITH**
*Sergeant*
*TERMINATED: 06/14/2023*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Washington000010

Mary Lynch Friedline
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott A. Bradley**
Office of the Attorney General
Litigation Section
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
(412) 565-3586
Email: sbradley@attorneygeneral.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amelia Jean Goodrich**
Pennsylvania Office of Attorney General
Civil Litigation
1251 Waterfront Place
Ste Mezzanine Level
Pittsburgh, PA 15222
412-510-1418
Email: agoodrich@attorneygeneral.gov
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**ROBERT NELSON**
*Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**T. S. OSWALD**
*Corrections Officer*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott A. Bradley**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amelia Jean Goodrich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**L. COMER**
*Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **Alan S. Gold**
Gold & Ferrante, PC
The Pavilion
261 Old York Road
Suite 526
Jenkintown, PA 19046
(215) 885-1118
Email: asg@goldferrantelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**T. I. BENNETT**
*Property Officer/Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**R. HENDRICKS**
*Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)

*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. CODDY**
*Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. HEGETER**
*Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**D. FARRIER**
*Corrections Officer*
*TERMINATED: 06/14/2023*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott A. Bradley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amelia Jean Goodrich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Washington000013

**M. STUMP**
*Corrections Officer*
*TERMINATED: 06/14/2023*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott A. Bradley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amelia Jean Goodrich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**G. TAIT**
*Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. D. SUHAN**
*Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Lynch Friedline**
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**IRMA VIHLIDAL**
*Health Care Administrator*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Mary Lynch Friedline
(See above for address)
*TERMINATED: 12/21/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**B. JIN**
*Medical Director*
*TERMINATED: 03/19/2019*

represented by **Alan S. Gold**
(See above for address)
*TERMINATED: 06/15/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**M. PARK**
*Doctor*
*TERMINATED: 03/19/2019*

represented by **Alan S. Gold**
(See above for address)
*TERMINATED: 06/15/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**P. DASCANI**
*Doctor*
*TERMINATED: 03/19/2019*

represented by **Alan S. Gold**
(See above for address)
*TERMINATED: 06/15/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**M. COMER**
*P.A.*
*TERMINATED: 03/19/2019*

represented by **Alan S. Gold**
(See above for address)
*TERMINATED: 06/15/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**E. MATTES**
*P.A.*
*TERMINATED: 03/19/2019*

represented by **Alan S. Gold**
(See above for address)
*TERMINATED: 06/15/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**E. MWAURA**
*P.A.*
*TERMINATED: 03/19/2019*

represented by **Alan S. Gold**
(See above for address)
*TERMINATED: 06/15/2023*
*ATTORNEY TO BE NOTICED*

**Defendant**

**P. DENNISON**
*Corrections Officer*
*TERMINATED: 03/19/2019*

represented by **John P. Senich , Jr.**
(See above for address)
*TERMINATED: 11/24/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Mary Lynch Friedline
(See above for address)
*TERMINATED: 12/21/2018*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/07/2015 | 1 | Remark: Complaint and Motion for Extension of time for 180 days pursuant to FRCP 6 received but no Motion to proceed IFP received and no fee paid is paid. (Attachments: # 1 Motion for extension of time of 180 days pursuant to FRCP 6, # 2 Envelope) (jv) (Entered: 08/07/2015) |
| 08/10/2015 | 2 | ORDER that the Clerk of Court is to mark this case CLOSED. IT IS FURTHER ORDERED that the plaintiff may submit a motion to proceed in forma pauperis, along with a certified copy of the inmate account statement for the six (6) months preceding the filing of the complaint. If that motion is granted, the case will be reopened. IT IS FURTHER ORDERED that the plaintiff may reopen the case by paying the $400.00 filing fee. AND IT IS FURTHER ORDERED that the parties are allowed fourteen (14) days from this date to appeal this order to a district judge pursuant to Local Rule 72.C.2. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal. Signed by Magistrate Judge Lisa Pupo Lenihan on 08/10/2015. (jmb) (Entered: 08/10/2015) |
| 08/24/2015 | 3 | MOTION for Leave to Proceed in forma pauperis by HENRY UNSELD WASHINGTON. (Attachments: # 1 Authorization by Prisoner, # 2 Envelope) (ept) (Entered: 08/24/2015) |
| 09/01/2015 | 4 | ORDER that the Motion to Proceed In Forma Pauperis (ECF No. 3 ) filed August 24, 2015, is GRANTED and the Clerk of Court is directed to re-open this case and to file the complaint. Signed by Magistrate Judge Lisa Pupo Lenihan on 09/01/2015. (Attachments: # 1 Exhibit Authorization Form) (jmb) (Entered: 09/01/2015) |
| 09/01/2015 | 5 | COMPLAINT against ROBERT D. GILMORE, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (jv) (Entered: 09/02/2015) |
| 09/01/2015 | 6 | MOTION for Extension of time of 180 days pursuant to FRCP 6 by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (jv) (Entered: 09/02/2015) |
| 09/02/2015 | 7 | ORDER granting in part and denying in part 6 Motion for Extension of time of 180 days pursuant to FRCP 6. The motion is granted to the extent that Plaintiff shall have until October 19, 2015, which is 45 days from the date of this Order, to provide the Court with a list of defendants for this case. No further extensions will be granted. Failure to provide the Court with a list of defendants by that day will result in a recommendation of dismissal. Signed by Magistrate Judge Lisa Pupo Lenihan on September 2, 2015. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 09/02/2015) |
| 09/11/2015 | 8 | Authorization permitting withdrawal of prison account funds to pay filing fee by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 09/11/2015) |
| 09/14/2015 | | Remark: A certified copy of Plaintiff's Authorization (ECF No. 8 ) was mailed to the Inmate Account Officer at S.C.I. Somerset. (jmb) (Entered: 09/14/2015) |
| 10/22/2015 | | Remark: received plaintiff's list of defendants and statement of claims. Per conversation with chambers, it is to be filed as an errata to 5 Complaint. (ept) (Entered: 10/22/2015) |

| 10/22/2015 | 9 | Errata re 5 Complaint by HENRY UNSELD WASHINGTON. Reason for Correction: received plaintiff's list of defendants and statement of claims. (Attachments: # 1 Envelope) (ept) (Entered: 10/22/2015) |
|---|---|---|
| 11/10/2015 | 10 | MOTION to Appoint Counsel by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 11/10/2015) |
| 11/10/2015 | 11 | BRIEF in Support re 10 Motion to Appoint Counsel filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit) (ept) (Entered: 11/10/2015) |
| 11/10/2015 | 12 | STATEMENT OF CLAIMS by HENRY UNSELD WASHINGTON.. (Attachments: # 1 Envelope) (ept) (Entered: 11/10/2015) |
| 11/16/2015 | 13 | ORDER DENYING the 10 Motion to Appoint Counsel. Signed by Magistrate Judge Lisa Pupo Lenihan on 11/16/2015. (jmb) (Entered: 11/16/2015) |
| 12/03/2015 | 14 | OBJECTIONS to 13 Order on Motion to Appoint Counsel by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 12/03/2015) |
| 12/03/2015 | 15 | BRIEF in Support of 14 Objections filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit, # 2 Envelope) (ept) (Entered: 12/03/2015) |
| 12/03/2015 | | Magistrate Judge Lisa Pupo Lenihan no longer presider in case. (gmp) (Entered: 12/03/2015) |
| 12/03/2015 | | Judge Terrence F. McVerry is presider and Magistrate Judge Lisa Pupo Lenihan is referred. (gmp) (Entered: 12/03/2015) |
| 03/15/2016 | 16 | MOTION of inquiry concerning status of the instant legal action by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (ept) (Entered: 03/15/2016) |
| 03/15/2016 | 17 | ORDER granting 16 Motion of inquiry concerning status of the instant legal action. The Clerk is directed to mail Plaintiff a copy of the docket sheet. Signed by Magistrate Judge Lisa Pupo Lenihan on March 15, 2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 03/15/2016) |
| 03/15/2016 | 18 | MEMORANDUM ORDER denying 14 Objections filed by HENRY UNSELD WASHINGTON, denying 10 Motion to Appoint Counsel filed by HENRY UNSELD WASHINGTON, and adopting 13 Magistrate Judge Order on Motion to Appoint Counsel as opinion of the Court. A copy of the Memorandum Order sent to Plaintiff via US Mail. Signed by Judge Terrence F. McVerry on 3/15/16. (mh) (Entered: 03/15/2016) |
| 03/22/2016 | | REMARK: This case was originally submitted to the Court on August 7, 2015. While the plaintiff has submitted Marshal 285 forms for each defendant, he did not submit Notice of Lawsuit and Waiver of Service of Summons forms, Waiver forms or complete and correct copies of his filings for each defendant. The plaintiff, a frequent litigator, is aware that providing these forms and copies of filings are his responsibility. Because this case has sat for some time, the Court will prepare these forms and make copies of the appropriate documents and order service. However, this courtesy is being extended only in this instance; Plaintiff should not expect such courtesies to be extended in future filings. (jmb) (Entered: 03/22/2016) |
| 03/22/2016 | 19 | ORDER ENTERED that the United States Marshal is directed to mail a copy of the Complaint (ECF. No. 5 ), Errata to the Complaint (ECF No. 9 ) and the Statement of Claims (ECF No. 12 ), notice of lawsuit and request for waiver of service of summons, and waiver, and this order to each defendant, as directed by plaintiff. Cost of service |

Washington000017

| | | |
|---|---|---|
| | | shall be advanced by the United States. The defendants are requested to waive service pursuant to Rule4(d). IT IS FURTHER ORDERED that the parties are allowed fourteen (14) days from this date to appeal this order to a district judge pursuant to Local Rule 72.C.2. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal. Signed by Magistrate Judge Lisa Pupo Lenihan on 03/22/2016. (jmb) (Entered: 03/22/2016) |
| 03/22/2016 | | Remark: Service copies were forwarded to the United States Marshal. (jmb) (Entered: 03/22/2016) |
| 03/29/2016 | 20 | Remark: Order, Complaint, Notice and Waiver mailed to defendants (Attachments: # 1 Vihlidal, # 2 Tait, # 3 Suhan, # 4 Stump, # 5 Smith, # 6 Shawley, # 7 Park, # 8 Oswald, # 9 Nielson, # 10 Mwaura, # 11 Morris, # 12 Mattes, # 13 Jin, # 14 Hendricks, # 15 Hebeter, # 16 Gilmore, # 17 Farrier, # 18 Durco, # 19 Dennison, # 20 Dascani, # 21 Crable, # 22 Comer, # 23 Comer, # 24 Coddy, # 25 Bennett, # 26 Barkefelt) (ept) (Entered: 03/29/2016) |
| 04/12/2016 | 21 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. BYUNGHAK JIN waiver sent on 3/28/2016, answer due 5/27/2016. (Attachments: # 1 Envelope) (ept) (Entered: 04/12/2016) |
| 04/12/2016 | 22 | Waiver of Service Returned Unexecuted as to DOCTOR M. PARK, MS. E. MATTES, DOCTOR P. DASCANI, MARY COMER, filed by HENRY UNSELD WASHINGTON. (ept) (Entered: 04/12/2016) |
| 04/25/2016 | 23 | NOTICE of Appearance by Mary Lynch Friedline on behalf of P. E. BARKEFELT, T. I. BENNETT, CODDY, COMER, CRABLE, DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, HEGETER, ROBERT HENDRICKS, ALAN MORRIS, ROBERT NIELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, TAIT, IRMA VIHLIDAL, WILLIAMS. (Friedline, Mary) (Entered: 04/25/2016) |
| 04/26/2016 | 24 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. T. S. OSWALD waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 25 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. TAIT waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 26 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. IRMA VIHLIDAL waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 27 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. WILLIAMS waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 28 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. P. E. BARKEFELT waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 29 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. T. I. BENNETT waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 30 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. CODDY waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |

| 04/26/2016 | 31 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. S. P. DURCO waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
|---|---|---|
| 04/26/2016 | 32 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. D. FARRIER waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 33 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. ROBERT D. GILMORE waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 34 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. J. M. SMITH waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 35 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. M. STUMP waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 36 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. J. D. SUHAN waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 37 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. COMER waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 38 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. CRABLE waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 39 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. DENNISON waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 40 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. TRACY SHAWLEY waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 41 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. ROBERT HENDRICKS waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 42 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. ALAN MORRIS waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 43 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. HEGETER waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 04/26/2016 | 44 | WAIVER OF SERVICE Returned Executed by HENRY UNSELD WASHINGTON. ROBERT NIELSON waiver sent on 3/28/2016, answer due 5/27/2016. (ept) (Entered: 04/26/2016) |
| 05/03/2016 | 45 | NOTICE of Appearance by Alan S. Gold on behalf of MARY COMER, P. DASCANI, BYUNGHAK JIN, E. MATTES, ELON MWAURA, M. PARK. (Gold, Alan) (Entered: 05/03/2016) |

| 05/04/2016 | 46 | ORDER that no later than May 18, 2016, each party shall file the attached form with the Clerk of Court indicating whether they wish to consent to the jurisdiction of a Magistrate Judge or to have a District Judge assigned to this case. The parties should be aware that no further action will be taken on this case until the attached forms are returned. Signed by Magistrate Judge Lisa Pupo Lenihan on 05/04/2016. (Attachments: # 1 Exhibit Consent Form) (jmb) (Entered: 05/04/2016) |
|---|---|---|
| 05/05/2016 | 47 | CONSENT to Trial/Jurisdiction by US Magistrate Judge by P. E. BARKEFELT, T. I. BENNETT, CODDY, COMER, CRABLE, DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, HEGETER, ROBERT HENDRICKS, ALAN MORRIS, ROBERT NIELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, TAIT, IRMA VIHLIDAL, WILLIAMS. (Friedline, Mary) (Entered: 05/05/2016) |
| 05/05/2016 | 48 | CONSENT to Trial/Jurisdiction by US Magistrate Judge by MARY COMER, P. DASCANI, BYUNGHAK JIN, E. MATTES, ELON MWAURA, M. PARK. (Gold, Alan) (Entered: 05/05/2016) |
| 05/19/2016 | 49 | DISTRICT JUDGE OPTION by HENRY UNSELD WASHINGTON to have this case randomly assigned to a U.S. District Judge. (Attachments: # 1 Envelope) (ept) (Entered: 05/19/2016) |
| 05/25/2016 | 50 | MOTION For More Definite Statement re 9 Errata filed by HENRY UNSELD WASHINGTON, 12 Statement of Claims filed by HENRY UNSELD WASHINGTON by P. E. BARKEFELT, T. I. BENNETT, CODDY, COMER, CRABLE, DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, HEGETER, ROBERT HENDRICKS, ALAN MORRIS, ROBERT NIELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, TAIT, IRMA VIHLIDAL, WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Friedline, Mary) (Entered: 05/25/2016) |
| 05/25/2016 | 51 | BRIEF in Support re 50 Motion For More Definite Statement filed by P. E. BARKEFELT, T. I. BENNETT, CODDY, COMER, CRABLE, DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, HEGETER, ROBERT HENDRICKS, ALAN MORRIS, ROBERT NIELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, TAIT, IRMA VIHLIDAL, WILLIAMS. (Friedline, Mary) Text modified on 5/26/2016. (ept) (Entered: 05/25/2016) |
| 05/26/2016 | 52 | MOTION to Extend Time to File Motion to Dismiss by MARY COMER, P. DASCANI, BYUNGHAK JIN, E. MATTES, ELON MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 05/26/2016) |
| 05/27/2016 | 53 | ORDER GRANTING the 52 Motion to Extend Time to File Motion to Dismiss. Defendants Elon Mwaura, Dr. Byuanghak Jin, Dr. Min Park, Dr. Paul Dascani, Esther Mattes and Mary Comer shall file their Motion to Dismiss Plaintiffs Complaint no later than June 11, 2016. Signed by Magistrate Judge Lisa Pupo Lenihan on 05/27/2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 05/27/2016) |
| 06/03/2016 | 54 | MOTION to Extend Time by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (ept) (Entered: 06/03/2016) |
| 06/07/2016 | 55 | ORDER granting 50 Motion for More Definite Statement; granting 54 Motion to Extend Time. Plaintiff shall have until August 8, 2016 to file his amended complaint pursuant to the within instructions. Plaintiff shall clearly mark his complaint "Amended |

Washington000020

| | | |
|---|---|---|
| | | Complaint." The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. The amended complaint shall be no longer than forty (40) pages in length. If Plaintiff fails to comply with this Order then the undersigned will recommend that this action be dismissed for his failure to prosecute. Signed by Magistrate Judge Lisa Pupo Lenihan on June 7, 2016. (kcc) (Entered: 06/07/2016) |
| 08/08/2016 | 56 | MOTION to Amend/Correct 5 Complaint by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Amended Complaint, # 2 Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Envelope) (ept) (Entered: 08/08/2016) |
| 08/16/2016 | 57 | ORDER dismissing as moot 56 Motion to Amend/Correct. Plaintiff was ordered to file this Amended Complaint, therefore no motion is required. The Clerk is Ordered to file the Amended Complaint. Signed by Magistrate Judge Lisa Pupo Lenihan on 8/16/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 08/16/2016) |
| 08/16/2016 | 58 | AMENDED COMPLAINT against P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, M. COMER, G. CRABLE, P. DASCANI, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, B. JIN, E. MATTES, A. J. MORRIS, E. MWAURA, ROBERT NELSON, T. S. OSWALD, M. PARK, T. SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL, C. WILLIAMS, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13) (jsp) (Entered: 08/18/2016) |
| 08/24/2016 | 59 | MOTION for Extension of Time to File Response/Reply as to 58 Amended Complaint *by DOC Defendants* by P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, G. CRABLE, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, A. J. MORRIS, ROBERT NELSON, T. S. OSWALD, T. SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL, C. WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Friedline, Mary) (Entered: 08/24/2016) |
| 08/24/2016 | 60 | ORDER granting 59 Motion for Extension of Time to File Response/Reply to Amended Complaint. Response due by 9/30/2016. Signed by Magistrate Judge Lisa Pupo Lenihan on August 24, 2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 08/24/2016) |
| 09/06/2016 | 61 | MOTION for Extension of Time to File Response/Reply re 58 Amended Complaint by L. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) Modified on 9/7/2016 to add document linkage. (ept) (Entered: 09/06/2016) |
| 09/07/2016 | 62 | ORDER granting 61 Motion for Extension of Time to File Response/Reply to Amended Complaint. The medical defendant's response to the Amended Complaint is due by 9/30/2016. Signed by Magistrate Judge Lisa Pupo Lenihan on September 7, 2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 09/07/2016) |
| 09/07/2016 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 61 Motion for Extension of Time to File Response/Reply. ERROR: Document was not linked. CORRECTION: |

| | | |
|---|---|---|
| | | Linked to appropriate document. This message is for informational purposes only. (ept) (Entered: 09/07/2016) |
| 09/29/2016 | 63 | MOTION for Extension of Time to File Response/Reply to 58 Amended Complaint by P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, G. CRABLE, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, A. J. MORRIS, ROBERT NELSON, T. S. OSWALD, T. SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL, C. WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Friedline, Mary) Modified on 9/30/2016 to add document linkage. (ept) (Entered: 09/29/2016) |
| 09/30/2016 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 63 Motion for Extension of Time to File Response/Reply. ERROR: Document was not linked. CORRECTION: Linked to appropriate document. This message is for informational purposes only. (ept) (Entered: 09/30/2016) |
| 09/30/2016 | 64 | ORDER GRANTING the 63 Motion for Extension of Time to Respond to the Amended Complaint. All defendants shall have until 10/30/2016 to file a response to the Amended Complaint. Signed by Magistrate Judge Lisa Pupo Lenihan on 09/30/2016. (jmb) (Entered: 09/30/2016) |
| 10/11/2016 | 65 | ORDER directing the clerk of court to randomly reassign this case to another Judge. Signed by Chief Judge Joy Flowers Conti on 10/11/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (mh) (Entered: 10/11/2016) |
| 10/13/2016 | | Judge David S. Cercone added as presider. Judge Terrence F. McVerry no longer assigned to case. (gmp) (Entered: 10/13/2016) |
| 10/31/2016 | 66 | Third MOTION for Extension of Time to File *Motion to Dismiss Amended Complaint* by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 10/31/2016) |
| 10/31/2016 | 67 | MOTION to Sever by P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, G. CRABLE, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, A. J. MORRIS, ROBERT NELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL, C. WILLIAMS. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Friedline, Mary) (Entered: 10/31/2016) |
| 10/31/2016 | 68 | BRIEF in Support re 67 Motion to Sever, filed by P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, A. J. MORRIS, ROBERT NELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL, C. WILLIAMS. (Friedline, Mary) (Entered: 10/31/2016) |
| 11/01/2016 | 69 | ORDER denying 67 Motion to Sever. The court agrees with Defendants that the Amended Complaint is confusing and possibly below compliance with the pleading requirements. However, it is not willing to sever the claims. Given the complexity of the Amended Complaint, Defendants are sua sponte granted an additional extension until 11/30/16 to file a responsive pleading. Signed by Magistrate Judge Lisa Pupo Lenihan on 11/1/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 11/01/2016) |

| 11/01/2016 | 70 | ORDER DENYING as Moot the Third Motion for Extension of Time to File Motion to Dismiss Amended Complaint. The Court, sua sponte, granted defendants until November 30, 2016 to respond to the Amended Complaint, rendering this motion moot. Signed by Magistrate Judge Lisa Pupo Lenihan on 11/01/2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 11/01/2016) |
|---|---|---|
| 11/25/2016 | 71 | MOTION to Amend/Correct 58 Amended Complaint by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (ept) (Entered: 11/28/2016) |
| 11/29/2016 | 72 | RESPONSE to Motion re 71 MOTION to Amend/Correct 58 Amended Complaint,, filed by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 11/29/2016) |
| 11/30/2016 | 73 | ORDER granting 71 Motion to Amend/Correct Complaint. While Plaintiff requests 180 days in which to file an amended complaint, the Court feels that 60 days in more than sufficient. As such, his amended complaint will be due on or before January 30, 2017. If Plaintiff fails to file his amended complaint before that day then this action may be dismissed for his failure to prosecute. Defendants should wait to file their response until after Plaintiff has filed his amended complaint. Signed by Magistrate Judge Lisa Pupo Lenihan on November 30, 2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) Modified on 12/1/2016 to reflect that the amended complaint will be due on or before January 30, 2017 instead of January 30, 2016. (kcc) (Entered: 11/30/2016) |
| 12/08/2016 | 74 | REPLY to Response to Motion re 72 Response to Motion filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 12/08/2016) |
| 12/09/2016 | 75 | ORDER re 74 Reply to Response to Motion filed by HENRY UNSELD WASHINGTON. In his Reply Plaintiff includes a request that the court reconsider his request for 180 days to file an amended complaint. The original complaint in this case was filed in August 2015. Plaintiff has had ample time to draft his complaint. The court's order that the Amended Complaint is due on or before January 30, 2017 stands. Signed by Magistrate Judge Lisa Pupo Lenihan on 12/9/16. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 12/09/2016) |
| 01/31/2017 | 76 | AMENDED COMPLAINT against P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, M. COMER, G. CRABLE, P. DASCANI, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, B. JIN, E. MATTES, A. J. MORRIS, E. MWAURA, ROBERT NELSON, T. S. OSWALD, M. PARK, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL, C. WILLIAMS, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 01/31/2017) |
| 02/13/2017 | 77 | MOTION for Extension of Time to File *Motion to Dismiss Second Amended Complaint (# 76 )* by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 02/13/2017) |
| 02/13/2017 | 78 | Partial MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, G. CRABLE, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, A. J. MORRIS, ROBERT NELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL. |

Washington000023

| | | Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Friedline, Mary) (Entered: 02/13/2017) |
|---|---|---|
| 02/13/2017 | 79 | BRIEF in Support re 78 Motion to Dismiss for Failure to State a Claim, filed by P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, G. CRABLE, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, A. J. MORRIS, ROBERT NELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL, C. WILLIAMS. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Friedline, Mary) (Entered: 02/13/2017) |
| 02/13/2017 | 80 | ORDER granting 77 Motion for Extension of Time to File Motion to Dismiss Second Amended Complaint (# 76 ). The Medical Defendants' Motion is due by February 27, 2017. Signed by Magistrate Judge Lisa Pupo Lenihan on February 13, 2017. Text-only entry; no PDF will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 02/13/2017) |
| 02/14/2017 | 81 | ORDER Response/Briefing Schedule re 78 the Corrections Defendants' Motion to Dismiss for Failure to State a Claim. Plaintiff shall have until March 7, 2017 to respond to the motion. Signed by Magistrate Judge Lisa Pupo Lenihan on February 14, 2017. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 02/14/2017) |
| 02/24/2017 | 82 | MOTION for Extension of Time to File Response/Reply as to 78 Partial MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (ept) (Entered: 02/24/2017) |
| 02/24/2017 | 83 | MOTION for Protective Order by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order, # 2 Envelope) (ept) (Entered: 02/24/2017) |
| 02/24/2017 | 84 | MOTION to Obtain Declaration by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (ept) (Additional attachment(s) added on 2/24/2017: # 1 Proposed Order, # 2 Envelope) (ept). (Entered: 02/24/2017) |
| 02/27/2017 | 85 | Second MOTION for Extension of Time to File *Motion to Dismiss the Second Amended Complaint (Doc 76 )* by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 02/27/2017) |
| 02/28/2017 | 86 | ORDER granting 85 Motion for Extension of Time to File Motion to Dismiss the Second Amended Complaint. Defendants' Motion is due by March 6, 2017. Signed by Magistrate Judge Lisa Pupo Lenihan on February 28, 2017. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 02/28/2017) |
| 02/28/2017 | 87 | ORDER granting in part and denying in part 82 Plaintiff's Motion for Extension of Time to File Response to the Correctional Defendants' 78 Partial MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. Plaintiff is requesting a 180 days extension in which to file his response. He requests that amount of time because he needs time to also file his response to the Medical Defendants' forthcoming Motion to Dismiss as well as the Correctional Defendants' forthcoming Motion for Summary Judgment. Plaintiff is reminded that the Court must first make a ruling on all pending motions to dismiss before we proceed to the summary judgment phase, and that is assuming Plaintiff's complaint survives dismissal. Therefore, at this time, Plaintiff only needs to respond to what has already been filed - the Correctional Defendants' Partial Motion to Dismiss. Once the Medical Defendants have filed their Motion to Dismiss |

| | | then the Court will order Plaintiff to respond to that motion at that time. The Court believes that a 180 day extension is very excessive and will instead grant Plaintiff an extension of 42 days. Plaintiff's Response to the Correctional Defendants' Partial Motion to Dismiss will be due by April 11, 2017. No further extensions will be granted without a showing of good cause. Signed by Magistrate Judge Lisa Pupo Lenihan on February 28, 2017. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 02/28/2017) |
|---|---|---|
| 02/28/2017 | 88 | ORDER that the Motion for a Protective Order under Fed. R. Civ. P. 26(c)(2)(ECF No. 83 ) is DENIED; IT IS FURTHER ORDERED that the Motion Pursuant to Fed. R. Civ. P. 56 (e)(t) For the Court's Assistance in Providing Declarants (ECF No. 84 ) is DENIED without prejudice. Signed by Magistrate Judge Lisa Pupo Lenihan on 02/28/2017. (jmb) (Entered: 02/28/2017) |
| 03/06/2017 | 89 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *directed to the Second Amended Complaint (doc # 76 )* by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order, # 2 Exhibit) (Gold, Alan) (Entered: 03/06/2017) |
| 03/06/2017 | 90 | BRIEF in Support re 89 Motion to Dismiss for Failure to State a Claim, *directed to the Second Amended Complaint (doc # 76 )* filed by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Gold, Alan) (Entered: 03/06/2017) |
| 03/07/2017 | 91 | ORDER Response/Briefing Schedule re the medical defendants' 89 Motion to Dismiss for Failure to State a Claim. Since Plaintiff was granted until April 11, 2017 to file his response in opposition to the corrections defendants' partial motion to dismiss, the Court will set the same due date for his response to the medical defendants' motion to dismiss. Therefore, Plaintiff's response in opposition to the medical defendants' motion to dismiss is due by April 11, 2017. Signed by Magistrate Judge Lisa Pupo Lenihan on March 7, 2017. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 03/07/2017) |
| 04/04/2017 | 92 | RESPONSE to Motion (Part 1) re 89 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *directed to the Second Amended Complaint (doc #76)* filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) Text modified on 4/6/2017. (ept) (Entered: 04/05/2017) |
| 04/06/2017 | 93 | RESPONSE to Motion (Part 2) re 89 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *directed to the Second Amended Complaint (doc # 76 )* filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 04/06/2017) |
| 04/07/2017 | 94 | RESPONSE to Motion (Part 3) re 89 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *directed to the Second Amended Complaint (doc #76)* filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 04/07/2017) |
| 04/14/2017 | 95 | RESPONSE to Motion (Part 4) re 89 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *directed to the Second Amended Complaint (doc # 76 )* filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 04/14/2017) |
| 08/31/2017 | 96 | REPORT AND RECOMMENDATION recommending that the Motion to Dismiss filed by the Medical Defendants 89 be granted in part and denied in part and that the Motion to Dismiss filed by the Corrections Defendants 78 be granted in part and denied in part. The Motions should be granted as they relate to Plaintiff's retaliation, access to court, free exercise of religion, and equal protection claims, which should all be dismissed with prejudice. The Motions should also be granted as they relate to the |

Washington000025

| | | sexual harassment claims against Defendants Dr. Jin, Dr. Dascani, Nelson and Suhan, which also should be dismissed with prejudice. The Motions should be denied as they relate to Plaintiff's sexual harassment/assault claims against Defendants Oswald, Smith, Farrier and Stump, and should also be denied as to Plaintiff's denial of medical care claims against Defendants Dr. Jin, Dr. Park, Dr. Dascani, PA Comer, PA Mattes, PA Mwaura, and CHCA Vihlidal. Objections to R&R due by 9/14/2017. Objections to R&R for Unregistered ECF Users due by 9/18/2017. Signed by Magistrate Judge Lisa Pupo Lenihan on August 31, 2017. (kcc) (Entered: 08/31/2017) |
|---|---|---|
| 09/18/2017 | 97 | MEMORANDUM ORDER granting in part and denying in part 78 and 89 Motions to Dismiss and adopting 96 Report and Recommendation of Magistrate Judge Lenihan as the opinion of the Court. Case is remanded back to the Magistrate Judge for further proceedings. Signed by Judge David S. Cercone on 9/18/17. (njt) (Entered: 09/18/2017) |
| 09/19/2017 | 98 | OBJECTIONS to 96 Report and Recommendation by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 09/19/2017) |
| 09/19/2017 | 99 | BRIEF in Support of 98 Objections to Report and Recommendation filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit, # 2 Envelope) (ept) (Main Document 99 replaced on 9/21/2017) (ept). (Entered: 09/19/2017) |
| 09/26/2017 | 100 | AMENDED MEMORANDUM ORDER vacating 97 Memorandum Order; overruling plaintiff's 98 and 99 Objections to Report and Recommendation; granting and denying in part defendants' 78 and 89 Motions to Dismiss; and further adopting 96 Report and Recommendation of Magistrate Judge Lenihan as the opinion of the Court. Further ordered that the case is remanded back to the Magistrate Judge for further proceedings. Signed by Judge David S. Cercone on 9/26/17. (njt) (Entered: 09/26/2017) |
| 09/28/2017 | 101 | ANSWER to 76 Amended Complaint, by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Gold, Alan) (Entered: 09/28/2017) |
| 09/28/2017 | 102 | MOTION for Reconsideration re 97 Order on Motion to Dismiss for Failure to State a Claim, Order on Report and Recommendations by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order, # 2 Envelope) (ept) (Entered: 09/28/2017) |
| 09/28/2017 | 103 | NOTICE OF APPEAL (Interlocutory) as to 97 Order on Motion to Dismiss for Failure to State a Claim, Order on Report and Recommendations by HENRY UNSELD WASHINGTON. Motion for IFP Granted. Certificate of Appealability N/A. Court Reporter N/A. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will not be mailed to the parties. The form is available on the Court's internet site. (Attachments: # 1 Envelope) (ept) (Entered: 09/28/2017) |
| 09/28/2017 | 104 | ANSWER to 76 Amended Complaint, by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Friedline, Mary) (Entered: 09/28/2017) |
| 10/02/2017 | 105 | ORDER denying plaintiff's 102 Motion for Reconsideration of the Court's Order dated 9/18/17. Signed by Judge David S. Cercone on 10/2/17. (njt) (Entered: 10/02/2017) |
| 10/05/2017 | 107 | NOTICE OF APPEAL as to 96 Report and Recommendation by HENRY UNSELD WASHINGTON. Motion for IFP Granted. Certificate of Appealability N/A. Court Reporter(s): N/A. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to |

Washington000026

| | | the parties. The form is available on the Court's internet site. (Attachments: # 1 Envelope) (ept) (Entered: 10/05/2017) |
|---|---|---|
| 10/12/2017 | 108 | ORDER FOR STATISTICAL CLOSING. The Clerk of Court is directed to close this case for administrative purposes only and without prejudice to reopening upon notification of conclusion of the appeal. Nothing contained herein shall be construed as a final dismissal or disposition of this case. Signed by Judge David S. Cercone on 10/12/17. (njt) (Entered: 10/12/2017) |
| 10/20/2017 | 109 | MOTION for Entry of Judgment under Rule 54(b) by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order, # 2 Envelope) (ept) (Entered: 10/20/2017) |
| 10/24/2017 | 110 | ORDER denying 109 Motion for Entry of Judgment under Rule 54(b). Entry of Judgment under Rule 54(b) is done when there are multiple claims in a case, a ruling is made on one, and a court determines that there is no reason to delay the appeal of the single issue. The Court does not make that determination in this case and believes, in fact, that Plaintiff's appeal is interlocutory as there are other claims pending in this matter that should move forward. Signed by Magistrate Judge Lisa Pupo Lenihan on 10/24/17. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 10/24/2017) |
| 10/27/2017 | 111 | ORDER of USCA granting Motion to proceed in forma pauperis and assessing fees 103 Notice of Interlocutory Appeal filed by HENRY UNSELD WASHINGTON. (kr3) (Entered: 10/27/2017) |
| 12/18/2017 | 112 | CERTIFIED ORDER of USCA in lieu of formal MANDATE dismissing the Appeal for lack of jurisdiction as to 103 Notice of Interlocutory Appeal filed by HENRY UNSELD WASHINGTON. (kr3) (Entered: 12/18/2017) |
| 01/29/2018 | 114 | CASE MANAGEMENT ORDER: No formal discovery, such as interrogatories, requests for production or requests for admission will be allowed in this case without leave of court. However, no later than March 1, 2018 the defendant(s) shall provide plaintiff with the following: (1) Initial disclosures pursuant to.Fed. R. Civ. P. 26(a)(l). (2) all incident reports, grievances, disciplinary reports, or other similar documents in its possession concerning the alleged incident or incidents; (3) all medical records in its possession regarding Plaintiff that relate to the claims in his complaint. Plaintiff shall, no later than March 16, 2018, advise the court of any further discovery, if any, he deems necessary for the prosecution of this case. He may not submit requests for discovery to the defendant(s) without leave of court. All dispositive motions and briefs in support thereof must be filed by April 16, 2018. Responses are due May 16, 2018. Signed by Magistrate Judge Lisa Pupo Lenihan on 01/29/2018. (jmb) (Entered: 01/29/2018) |
| 02/22/2018 | 115 | *Amended* ANSWER to 76 Amended Complaint, by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL. (Friedline, Mary) (Entered: 02/22/2018) |
| 02/26/2018 | 116 | MOTION to Appoint Counsel by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Envelope) (ept) (Entered: 02/26/2018) |
| 02/26/2018 | 117 | MOTION for Discovery by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (ept) (Entered: 02/26/2018) |
| 02/27/2018 | 118 | ORDER granting in part and denying in part 117 Motion for Discovery. Defendants are Ordered to respond to Plaintiff's Requests for Discovery numbered 1 through 6 within 30 days to the extent Defendants are in possession of those documents and pursuant to the federal rules of discovery. Requests 7 and 8 are denied. Defendants are to advise |

Washington000027

| | | |
|---|---|---|
| | | Plaintiff of the procedure and/or rules regarding contact with other inmates. A copy of the responses to this discovery request is to be filed by the Defendants. The filing of discovery is not permitted so when said document is filed indicate in the document that it is in response to the Order of Court of this date. Signed by Magistrate Judge Lisa Pupo Lenihan on 2/27/18. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 02/27/2018) |
| 02/27/2018 | 119 | ORDER DENYING the 116 Motion to Appoint Counsel. Signed by Magistrate Judge Lisa Pupo Lenihan on 02/27/2018. (jmb) (Entered: 02/27/2018) |
| 03/27/2018 | 120 | NOTICE by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL re 118 Order on Motion for Discovery (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Friedline, Mary) (Entered: 03/27/2018) |
| 04/04/2018 | 121 | Joint MOTION for Extension of Time to File *Conduct Discovery and File Dispositive Motions* by M. COMER, P. DASCANI, D. FARRIER, B. JIN, E. MATTES, E. MWAURA, T. S. OSWALD, M. PARK, M. STUMP, IRMA VIHLIDAL. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 04/04/2018) |
| 04/05/2018 | 122 | ORDER GRANTING the (ECF No. 121 ) Joint MOTION for Extension of Time to Conduct Discovery and File Dispositive Motions. Discovery is extended to May 18, 2018. All dispositive motions and briefs in support thereof must be filed by May 31, 2018. Responses are due July 2, 2018. Signed by Magistrate Judge Lisa Pupo Lenihan on 04/05/2018. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 04/05/2018) |
| 04/06/2018 | 123 | MOTION to Take Deposition from Henry Unseld Washington by M. COMER, P. DASCANI, E. MATTES, E. MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 04/06/2018) |
| 04/06/2018 | 124 | BRIEF in Support re 123 Motion to Take Deposition *of Henry Unseld Washington* filed by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Gold, Alan) (Entered: 04/06/2018) |
| 04/09/2018 | 125 | ORDER GRANTING the 123 Motion to Take Deposition of HENRY UNDSELD WASHINGTON. The Warden of the State Correctional Institution at Somerset is directed to produce Henry Unseld Washington for a deposition at a date convenient to the Warden of State Correctional Institution at Somerset and all counsel. Counsel for all defendants, not just the moving defendants, are permitted to ask questions at the deposition. Signed by Magistrate Judge Lisa Pupo Lenihan on 04/09/2018. (jmb) (Entered: 04/09/2018) |
| 04/09/2018 | 126 | MOTION for Sanctions by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order, # 2 Envelope) (jv) (Entered: 04/09/2018) |
| 04/09/2018 | 127 | BRIEF in Support re 126 Motion for Sanctions filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (jv) (Entered: 04/09/2018) |
| 04/10/2018 | 128 | ORDER that a response to the Motion for Sanctions (ECF No. 126 ) shall be filed no later than April 23, 2018. Signed by Magistrate Judge Lisa Pupo Lenihan on 04/10/2018. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 04/10/2018) |
| 04/23/2018 | 129 | RESPONSE to Motion re 117 MOTION for Discovery filed by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Gold, Alan) (Entered: |

| | | 04/23/2018) |
|---|---|---|
| 04/23/2018 | 130 | RESPONSE to Motion re 126 MOTION for Sanctions *and Brief (Doc. 127)* filed by L. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, ROBERT NELSON, T. S. OSWALD, M. PARK. (Attachments: # 1 Proposed Order, # 2 Exhibit) (Gold, Alan) (Entered: 04/23/2018) |
| 04/23/2018 | 131 | RESPONSE to Motion re 126 MOTION for Sanctions filed by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL. (Friedline, Mary) (Entered: 04/23/2018) |
| 04/23/2018 | | w/ 130 BRIEF in Support of 130 Response to Motion filed by L. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, ROBERT NELSON, T. S. OSWALD, M. PARK. (ept) (Entered: 04/24/2018) |
| 04/24/2018 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 130 Response to Motion. ERROR: Document should have been filed as two separate documents. CORRECTION: Attorney advised in future that documents of that nature are to be filed as separate documents. Clerk of Court docketed Brief in Support of Response. This message is for informational purposes only. (ept) (Entered: 04/24/2018) |
| 05/01/2018 | 132 | REPLY to Response to Motion re 131 Response to Motion filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ept) (Entered: 05/01/2018) |
| 05/15/2018 | 133 | ORDER denying 126 Motion for Sanctions. Following review of plaintiff's document requests and the defendants' responses to the motion for sanctions, it appears that defendants have provided those documents that are within their control and discoverable. Many of the documents requested by plaintiff are documents that he sent to various entities. Other documents are not in the possession of defendants. Other requests, such as thousands of hours of video footage, pertain to documents and video that is either not in existence or is unduly burdensome and not proportional to this case. It is noted that several years of medical records have been provided to plaintiff. It is the policy of this court not to order that psychiatric records be provided due to security risks. If the case proceeds to trial the court will try to find counsel willing to take this case on a pro bono basis and, if those psychiatric records are relevant, will order their production to counsel. Signed by Magistrate Judge Lisa Pupo Lenihan on 5/15/18. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 05/15/2018) |
| 05/15/2018 | 134 | MOTION to Extend Time to File Summary Judgment motions by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Friedline, Mary) (Entered: 05/15/2018) |
| 05/15/2018 | 135 | ORDER granting 134 Defendants' Motion to Extend Time to File Motions for Summary Judgment. Motions for Summary Judgment are due by July 2, 2018. Signed by Magistrate Judge Lisa Pupo Lenihan on May 15, 2018. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kcc) (Entered: 05/15/2018) |
| 05/23/2018 | 136 | MOTION for Sanctions by HENRY UNSELD WASHINGTON. Motion referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (ept) (Entered: 05/25/2018) |
| 06/05/2018 | 137 | ORDER denying 136 Second Motion for Sanctions for the same reasons set forth in the Court's Order denying Plaintiff's First Motion for Sanctions at ECF No. 133. Plaintiff has not alleged any additional facts that would cause the Court to change its original ruling. Signed by Magistrate Judge Lisa Pupo Lenihan on 6/5/18. Text-only entry; no |

Washington000029

| | | PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 06/05/2018) |
|---|---|---|
| 06/26/2018 | 138 | Third MOTION for Extension of Time to File by L. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 06/26/2018) |
| 06/27/2018 | 139 | ORDER GRANTING the 138 Motion for Extension of Time to File Motion for Summary Judgment. Defendants' for Summary Judgment will be due on or before July 16, 2018. Signed by Magistrate Judge Lisa Pupo Lenihan on 06/27/2018. (jmb) (Entered: 06/27/2018) |
| 06/28/2018 | 140 | MOTION for Relief from 137 Order on Motion for Sanctions, 133 Order on Motion for Sanctions by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Envelopes) (dm) (Entered: 06/28/2018) |
| 07/02/2018 | 141 | ORDER granting in part and denying in part 140 Motion for Reconsideration. Based upon the Response filed by Defendants, the documents that were in their possession have been produced to Plaintiff. Plaintiff continues to insist that there are documents that have not been provided to him. The Court is not clear which documents Plaintiff is referring to. Therefore, DOC Defendants only are ordered to file the discovery responses that were provided to the Plaintiff for judicial review. Signed by Magistrate Judge Lisa Pupo Lenihan on 7/2/18. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 07/02/2018) |
| 07/03/2018 | 142 | NOTICE re: Discovery by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL re 141 Order on Motion for Reconsideration. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Friedline, Mary) (Entered: 07/03/2018) |
| 07/05/2018 | 143 | ORDER re 117 Motion for Discovery filed by HENRY UNSELD WASHINGTON, 136 Motion for Sanctions filed by HENRY UNSELD WASHINGTON, 140 Motion for Reconsideration, filed by HENRY UNSELD WASHINGTON. The Court ordered DOC Defendants to file the discovery that was provided to Plaintiff. This was filed on July 3, 2018. Following a review of the Responses, including approximately 340 pages of documents, the Court concludes that all relevant and proportional discovery has been provided. Defendants have provided all of Plaintiff's grievances, medical records excluding psychological, PREA investigation information. He requests letters he sent to various individuals, including Governors Rendell and Wolff. As Defendants state in their Responses, these documents are not relevant, are not in the possession of Defendants and, since Plaintiff is the one who sent the documents, they are more likely to be in his possession. The psychological records were not provided because doing so would cause a security risk. The Court agrees with this and it is consistent with prior rulings of this Court. If the case proceeds to trial the Court will try to get pro bono counsel for Plaintiff and will then reconsider allowing counsel to review those records. Any further requests for discovery or sanctions on these issues will be denied. Signed by Magistrate Judge Lisa Pupo Lenihan on 7/5/18. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 07/05/2018) |
| 07/13/2018 | 144 | Partial MOTION for Summary Judgment by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Friedline, Mary) (Entered: 07/13/2018) |

| 07/13/2018 | 145 | BRIEF in Support re 144 Motion for Summary Judgment filed by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL. (Friedline, Mary) (Entered: 07/13/2018) |
|---|---|---|
| 07/13/2018 | 146 | CONCISE STATEMENT OF MATERIAL FACTS re 144 Motion for Summary Judgment by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL. (Friedline, Mary) (Entered: 07/13/2018) |
| 07/13/2018 | 147 | Appendix to 144 Motion for Summary Judgment by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15) (Friedline, Mary) (Entered: 07/13/2018) |
| 07/16/2018 | 148 | MOTION for Summary Judgment by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Proposed Order) (Gold, Alan) (Entered: 07/16/2018) |
| 07/16/2018 | 149 | BRIEF in Support re 148 Motion for Summary Judgment filed by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Gold, Alan) (Entered: 07/16/2018) |
| 07/16/2018 | 150 | Appendix to 149 Brief in Support of Motion, 148 Motion for Summary Judgment by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit) (Gold, Alan) (Entered: 07/16/2018) |
| 07/16/2018 | 151 | ORDER Response/Briefing Schedule re 144 the DOC Defendants' Partial Motion for Summary Judgment and 148 the Medical Defendants' Motion for Summary Judgment. Plaintiff's Briefs in Opposition thereto are due by August 15, 2018 as more fully described in this Order. Signed by Magistrate Judge Lisa Pupo Lenihan on July 16, 2018. (kcc) (Entered: 07/16/2018) |
| 08/09/2018 | 152 | MOTION for Extension of Time to File Response/Reply as to 144 Partial MOTION for Summary Judgment, 148 MOTION for Summary Judgment by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (dm) (Entered: 08/10/2018) |
| 08/14/2018 | 153 | ORDER granting in part and denying in part 152 Motion for Extension of Time to File Response/Reply re 144 Partial MOTION for Summary Judgment , 148 MOTION for Summary Judgment . Plaintiff is requesting an additional 180 days to file responses to the pending motions for summary judgment. This is simply too long. This case has been pending since 2015. Defendants are entitled to have it move forward. The Court will grant Plaintiff an additional 60 days, for a total of 90 days. NO FURTHER EXTENSIONS. Responses due by 10/15/2018 ; Replies due by 10/29/2018. Signed by Magistrate Judge Lisa Pupo Lenihan on 8/14/18. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 08/14/2018) |
| 08/15/2018 | | Response to Motion due by 10/15/2018 Reply due by 10/29/2018. (dm) (Entered: 08/15/2018) |
| 08/17/2018 | 154 | MOTION for Defendant to Provide Copy of Concise Statement of Facts and MOTION for Extension of Time to File Response to Concise Statement of Facts by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (dm) (Entered: 08/17/2018) |

| 08/17/2018 | 155 | DECLARATION re 154 MOTION for Extension of Time to File and MOTION for Defendant to Provide Copy of Concise Statement of Facts by HENRY UNSELD WASHINGTON. (Attachments: # 1 Correspondence requesting copy of document, # 2 Envelope) (dm) (Entered: 08/17/2018) |
|---|---|---|
| 08/20/2018 | 156 | REPLY to 155 Declaration, filed by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Attachments: # 1 Exhibit, # 2 Exhibit) (Gold, Alan) (Entered: 08/20/2018) |
| 08/20/2018 | 157 | RESPONSE to Motion re 154 MOTION for Extension of Time to File MOTION for Defendant to Provide Copy of Concise Statement of Facts filed by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Attachments: # 1 Exhibit) (Gold, Alan) (Entered: 08/20/2018) |
| 08/20/2018 | 158 | ORDER denying as moot 154 Motion for Extension of Time to File Response to Concise Statement of Material Facts; denying as moot 154 Motion for Defendants to Provide Plaintiff with their Concise Statement of Material Facts. According to the Response to this Motion filed by Defendants, the Concise Statement of Material Facts was originally provided to Plaintiff and will be provided to him again so that matter is no longer relevant. In addition, the Court recently granted Plaintiff an extension to Respond to this Summary Judgment Motion to October 15, 2018. No additional extension is warranted. Signed by Magistrate Judge Lisa Pupo Lenihan on 8/20/18. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 08/20/2018) |
| 10/18/2018 | 159 | CONCISE STATEMENT OF MATERIAL FACTS by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (jv) (Entered: 10/18/2018) |
| 10/18/2018 | 160 | RESPONSE to 146 Concise Statement of Material Facts filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 List of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40 & 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Envelope) (plp) (Entered: 10/18/2018) |
| 10/18/2018 | 161 | RESPONSE IN OPPOSITION to 144 Motion for Summary Judgment, 148 Motion for Summary Judgment, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (sdp) (Entered: 10/18/2018) |
| 11/02/2018 | 162 | RESPONSE to 159 Concise Statement of Material Facts, filed by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP, IRMA VIHLIDAL. (Friedline, Mary) (Entered: 11/02/2018) |
| 11/23/2018 | 163 | MOTION for Summary Judgment by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (jjg) (Entered: 11/23/2018) |
| 11/23/2018 | 164 | REPLY to 162 Response to Counterstatement of Facts, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (jjg) (Entered: 11/23/2018) |

Washington000032

| 12/05/2018 | 165 | BRIEF in Opposition re 163 Motion for Summary Judgment filed by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK. (Attachments: # 1 Exhibit) (Gold, Alan) (Entered: 12/05/2018) |
|---|---|---|
| 12/20/2018 | 166 | REPLY to 165 Response to Motion re 163 Motion for Summary Judgment filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (plp) Modified text on 12/20/2018. (kcc) (Entered: 12/20/2018) |
| 12/21/2018 | 167 | NOTICE of Substitution of Attorney Appearance by John P. Senich, Jr on behalf of P. E. BARKEFELT, T. I. BENNETT, J. CODDY, L. COMER, G. CRABLE, P. DENNISON, S. P. DURCO, D. FARRIER, ROBERT D. GILMORE, J. HEGETER, R. HENDRICKS, A. J. MORRIS, ROBERT NELSON, T. S. OSWALD, TRACY SHAWLEY, J. M. SMITH, M. STUMP, J. D. SUHAN, G. TAIT, IRMA VIHLIDAL, C. WILLIAMS. Attorney Mary Lynch Friedline terminated. (Senich, John) (Entered: 12/21/2018) |
| 03/01/2019 | 168 | REPORT AND RECOMMENDATION recommending that the Partial Motion for Summary Judgment filed by the DOC Defendants on behalf of Defendant Vihlidal 144 be granted and that the Motion for Summary Judgment filed by the Medical Defendants 148 be granted. It is further recommended that Plaintiff's Motion for Summary Judgment 163 be denied. Plaintiff's Objections to R&R due by 3/18/2019. No extensions will be granted absent good cause shown. Signed by Magistrate Judge Lisa Pupo Lenihan on March 1, 2019. (kcc) (Entered: 03/01/2019) |
| 03/19/2019 | 169 | MEMORANDUM ORDER granting 144 Motion for Summary Judgment filed by medical defendants; granting 148 Motion for Partial Summary Judgment as to defendant Vihlidal; and denying 163 Motion for Summary Judgment filed by plaintiff. Further adopting 168 Report and Recommendation of Magistrate Judge Lenihan as the opinion of the Court. Case is referred back to the Magistrate Judge for all further pretrial proceedings. Signed by Judge David S. Cercone on 3/19/19. (njt) (Entered: 03/19/2019) |
| 03/19/2019 | 170 | ORDER entering JUDGMENT in favor of defendants IRMA VIHLIDAL, M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, and M. PARK and against plaintiff HENRY UNSELD WASHINGTON pursuant to Rule 58 of the Federal Rules of Civil Procedure. Signed by Judge David S. Cercone on 3/19/19. (njt) Modified text on 3/19/2019. (njt) (Main Document 170 replaced on 3/19/2019) (njt) (Entered: 03/19/2019) |
| 03/20/2019 | 171 | ORDER ENTERED that pursuant to 28 U.S.C.§1915(e)(1) and the order of court dated March 24, 1999, entered pursuant to the resolution of the Board of Judges of the United States District Court for the Western District of Pennsylvania In re: Funding of Plan for the Appointment of Counsel in Select Pro Se Prisoner Civil Rights Actions (Miscellaneous No. 99-95), the Clerk of Court, on behalf of the Allegheny County Bar Foundation of the Allegheny County Bar Association is directed to request a lawyer to consider entering an appearance on behalf of the plaintiff in the above-captioned case. IT IS FURTHER ORDERED that the Clerk of Court is directed to provide counsel with a copy of the most current complaint and answers and shall provide counsel with any additional pleadings or documents as requested by counsel. IT IS FURTHER ORDERED that this matter is to be placed in administrative suspense pending appointment of counsel, at which point the case will be reopened. Signed by Judge David S. Cercone on 3/20/19. (njt) (Entered: 03/20/2019) |
| 03/21/2019 | 172 | OBJECTIONS to 168 Report and Recommendation by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (sdp) (Entered: 03/21/2019) |

| 03/22/2019 | 175 | SUPPLEMENT by HENRY UNSELD WASHINGTON to 172 Objections to Report and Recommendation. (Attachments: # 1 Envelope) (plp) (Entered: 04/03/2019) |
|---|---|---|
| 03/28/2019 | 173 | MEMORANDUM ORDER entered on 172 Objections filed by HENRY UNSELD WASHINGTON to 168 Report and Recommendation of Magistrate Judge Lenihan. The finding after de novo review of the Magistrate Judge's Report and Recommendation and Plaintiff's Objections is that the Court's 169 Memorandum Order remains in full force and effect as supplemented herein to indicate the timely filing of objections. Signed by Judge David S. Cercone on 3/27/19. (njt) (Entered: 03/28/2019) |
| 04/01/2019 | 174 | MOTION for Reconsideration re 169 Order on Motion for Summary Judgment by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (plp) (Entered: 04/02/2019) |
| 04/04/2019 | 176 | ORDER denying 174 Motion for Reconsideration. Signed by Judge David S. Cercone on 4/4/19. (jmc) (Entered: 04/04/2019) |
| 04/05/2019 | 177 | SUPPLEMENT by HENRY UNSELD WASHINGTON to 172 Objections to Report and Recommendation. (Attachments: # 1 Envelope) (plp) (Entered: 04/08/2019) |
| 04/08/2019 | 178 | RESPONSE to Motion re 174 Motion for Reconsideration filed by B. JIN. (Ferrante, Alexander) Modified text on 4/9/2019 to correct title of event selected and to add document linkage. (ept) (Entered: 04/08/2019) |
| 06/14/2019 | 179 | DECLINATION OF REQUEST to represent indigent litigant (SEALED). (map) (Entered: 06/14/2019) |
| 06/17/2019 | 180 | DECLINATION OF REQUEST to represent indigent litigant (SEALED). (map) (Entered: 06/17/2019) |
| 07/09/2019 | 181 | REQUEST FOR CLARIFICATION by M. COMER, P. DASCANI, B. JIN, E. MATTES, E. MWAURA, M. PARK (Gold, Alan) Modified text on 7/9/2019. (jjg) (Entered: 07/09/2019) |
| 07/15/2019 | 182 | DECLINATION OF REQUEST to represent indigent litigant (SEALED). (map) (Entered: 07/15/2019) |
| 07/22/2019 | 183 | ORDER re 181 Request for Clarification filed by M. COMER, M. PARK, E. MWAURA, E. MATTES, P. DASCANI, B. JIN. By Order dated April 4, 2019, (Document No. 176), this Court denied Plaintiffs Motion for Reconsideration. Accordingly, this Courts Memorandum Order (Document No. 173) remains in full force and effect. Summary Judgment has been entered in favor of the Medical Defendants and they have been terminated from this case. Signed by Judge David S. Cercone on 7/22/19. (jmc) (Entered: 07/22/2019) |
| 08/01/2019 | 184 | MOTION of Inquiry and Request for a Copy of All Docket Entries by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (plp) (Entered: 08/01/2019) |
| 08/02/2019 | 185 | DECLINATION OF REQUEST to represent indigent litigant (SEALED). (map) (Main Document 185 replaced on 8/5/2019) (map) (Entered: 08/02/2019) |
| 08/05/2019 | 186 | ORDER granting in part and denying in part 184 Motion Of Inquiry and Request for a Copy of All Docket Entries. The Court has asked 4 different law firms to accept representation of Plaintiff in this case for purposes of trial. All have declined. If Plaintiff has a lawyer whom he thinks will represent him, he should contact that lawyer himself. At some point, the court will cease making requests and Plaintiff will have to proceed pro se. The Clerk is ordered to print a copy of the docket and mail it to Plaintiff. Plaintiff will not be given a copy of all of the docket entries. He has already |

| | | received these, with the exception of those filed under seal, which he is not entitled to view. Signed by Magistrate Judge Lisa Pupo Lenihan on 8/5/19. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 08/05/2019) |
|---|---|---|
| 08/05/2019 | 187 | Remark: A copy of the docket sheet was mailed to the Plaintiff at his address of record. Text-only entry. No PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 08/05/2019) |
| 10/10/2019 | 188 | MOTION for ADR; Alternative Dispute Resolution Mediation by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Envelope) (plp) (Entered: 10/10/2019) |
| 10/11/2019 | 189 | ORDER DENYING (ECF No. 188 ) Plaintiff's Motion for ADR. Currently, the Court is seeking pro bono counsel for Plaintiff. If counsel is found and enters an appearance, Plaintiff should discuss the merits of ADR with his attorney and refile the motion if needed. If no counsel can be found, the Court will reopen the case and Plaintiff may refile the motion on his own behalf at that time. Signed by Magistrate Judge Lisa Pupo Lenihan on 10/11/2019. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 10/11/2019) |
| 01/21/2020 | 190 | The Court has requested five different attorneys to accept representation of Plaintiff on a pro bono basis and all have declined. Therefore, IT IS HEREBY ORDERED that a telephone status conference is set for Feb. 13, 2020 at 2:00 PM to discuss the status of this matter and whether Defendants are willing to entertain settlement discussions. Defendants are to make arrangements for Plaintiff to participate via telephone. Signed by Magistrate Judge Lisa Pupo Lenihan on 1/21/20. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (Lenihan, Lisa) (Entered: 01/21/2020) |
| 01/21/2020 | | Set Hearings: A Status Conference is set for 2/13/2020 at 2:00 PM in Courtroom 7B before Magistrate Judge Lisa Pupo Lenihan. (jmb) (Entered: 01/21/2020) |
| 02/13/2020 | 191 | Minute Entry for proceedings held before Magistrate Judge Lisa Pupo Lenihan: A Telephone Conference was held on 2/13/2020. The parties are willing to engage in mediation. The Court asked if the parties would like the Court to mediate. Plaintiff would also like counsel to represent him. The Court will put the process in motion. The Clerk of Court is ordered to attempt to find counsel to represent Mr. Washington in a mediation and also request a pro bono neutral to mediate this case. (jmb) (Entered: 02/13/2020) |
| 02/14/2020 | 192 | ORDER REFERRING CASE to Pro Se Prisoner Mediation Program. Signed by Magistrate Judge Lisa Pupo Lenihan on 02/14/2020. (Attachments: # 1 Exhibit Consent Form) (jmb) (Entered: 02/14/2020) |
| 02/24/2020 | 193 | CONSENT to Appointment of Counsel for ADR Only by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (plp) (Entered: 02/24/2020) |
| 10/02/2020 | 194 | Order of Appointment of Attorney Susan Kessler for HENRY UNSELD WASHINGTON, for ADR only. Signed by Magistrate Judge Lisa Pupo Lenihan on 10/02/2020. (jmb) (Entered: 10/02/2020) |
| 10/26/2020 | 195 | ORDER REFERRING CASE to Mediation. Howard Schulberg is appointed as mediator. Party HOWARD J. SCHULBERG added. Signed by Magistrate Judge Lisa Pupo Lenihan on 10/26/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 10/26/2020) |

| 11/24/2020 | 196 | NOTICE of Substitution of Attorney Appearance by Scott A. Bradley on behalf of D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. Attorney John P. Senich, Jr terminated. (Bradley, Scott) (Entered: 11/24/2020) |
|---|---|---|
| 12/18/2020 | 197 | MOTION for attorney Susan Kessler to Appear Pro Hac Vice, (Filing fee $70, Receipt # APAWDC-6171712) by HENRY UNSELD WASHINGTON. Motion(s) referred to Lisa Pupo Lenihan. (Attachments: # 1 Affidavit, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order) (Kessler, Susan) (Entered: 12/18/2020) |
| 12/21/2020 | 198 | REPORT of Mediation: Case has not been resolved. HOWARD J. SCHULBERG terminated. Attorney Howard J. Schulberg terminated. **The parties are reminded of their obligation to complete the ADR questionnaire and submit within 5 days of the conclusion of the ADR process. The questionnaire can be accessed at www.pawd.uscourts.gov. Click on the ADR icon.** Mediation session was held on 12/21/2020. (Schulberg, Howard) (Entered: 12/21/2020) |
| 12/22/2020 | 199 | ORDER GRANTING the 197 Motion for Susan Kessler to Appear Pro Hac Vice. Signed by Magistrate Judge Lisa Pupo Lenihan on 12/22/2020. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jmb) (Entered: 12/22/2020) |
| 06/10/2021 | 200 | ORDER REASSIGNING CASE. Judge David S. Cercone no longer assigned to case. Signed by Judge David S. Cercone on 6/10/2021. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kly) (Entered: 06/10/2021) |
| 06/10/2021 | | Judge Joy Flowers Conti presiding. (cww) (Entered: 06/10/2021) |
| 06/10/2021 | | Judge Cathy Bissoon presiding. Judge Joy Flowers Conti no longer assigned to case. (cww) (Entered: 06/10/2021) |
| 08/27/2021 | 201 | ORDER REFERRING CASE BACK to Judge Cathy Bissoon. Signed by Judge Cathy Bissoon on 8/27/21. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) (Entered: 08/27/2021) |
| 06/24/2022 | 202 | MOTION for Updated Status of the Claim by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (keh) (Entered: 06/24/2022) |
| 09/01/2022 | 203 | MOTION of Inquiry Concerning the Status of Outstanding Claims by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (keh) (Entered: 09/02/2022) |
| 09/07/2022 | 204 | ORDER granting Plaintiff's Motions (Docs. 202 & 203 ) for an update/status regarding his case, as follows. The Court has been searching for a lawyer to represent Plaintiff at the trial in his case, but its efforts have been unsuccessful. By 9/26/22, Plaintiff shall submit to the Clerk of Court a notice, for filing on the docket, indicating whether he desires to have the Court abandon its search for a lawyer and to go to trial without a lawyer ("pro se"); or whether he wishes for the Court to continue its search. In the meantime, the Court will continue its efforts to find trial counsel for Plaintiff. Finally, the Clerk of Court will be directed to add Plaintiff's mailing address, on his letters of submission, as his address of record. Should it change, Plaintiff must promptly file with the Clerk of Court a notice of change of address. Signed by Judge Cathy Bissoon on 9/7/22. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent to Plaintiff, via First-Class U.S. Mail, at the return address on his letters of submission (Henry Unseld Washington, SCI-Somerset, No. AM 3086, 1600 Walters Mill Road, Somerset, PA 15510-0001). (Entered: 09/07/2022) |

| 09/27/2022 | 205 | NOTICE by HENRY UNSELD WASHINGTON re 204 Order on Motions for update/status regarding case (Attachments: # 1 Envelope) (keh) (Entered: 09/27/2022) |
|---|---|---|
| 10/04/2022 | 206 | ORDER TO SHOW CAUSE. The parties are ordered to show cause why Plaintiff may proceed with this litigation absent the appointment of a guardian ad litem. If additional evidence regarding Plaintiff's competency is within the possession of any party, they shall file it in conjunction with their response. Such materials shall be filed under seal, as appropriate, and leave to file under seal hereby is GRANTED to that extent. Also, any party may request or propose that a mental/psychological examination be conducted, may propose the identity of an evaluator and, if applicable, discuss how the examination process will be funded. Written responses to this Show Cause Order are due by 10/25/22. See contents of the paper Order corresponding with this docket entry for additional details. Signed by Judge Cathy Bissoon on 10/4/22. (dcd) Staff note: a copy of this filing will be sent to Plaintiff, via First-Class U.S. Mail, at the return address on his letters of submission (Henry Unseld Washington, SCI-Somerset, No. AM 3086, 1600 Walters Mill Road, Somerset, PA 15510-0001). (Entered: 10/04/2022) |
| 10/25/2022 | 207 | RESPONSE TO ORDER TO SHOW CAUSE re 206 Order to Show Cause, filed by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Bradley, Scott) (Entered: 10/25/2022) |
| 10/25/2022 | 208 | MOTION for In Camera Review by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Attachments: # 1 Proposed Order) (Bradley, Scott) (Entered: 10/25/2022) |
| 10/26/2022 | 209 | MOTION Requesting Appointment of Counsel by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit A, # 2 Envelope) (keh) (Entered: 10/26/2022) |
| 10/27/2022 | 210 | RESPONSE TO ORDER TO SHOW CAUSE re 206 Order to Show Cause filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (keh) (Entered: 10/27/2022) |
| 11/03/2022 | 211 | ORDER granting 208 Motion for In Camera Review of Certain Documents. Signed by Judge Cathy Bissoon on 11/3/2022. (kly) (Entered: 11/03/2022) |
| 11/07/2022 | 212 | SEALED DOCUMENT by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. This document Sealed pursuant to 211 Order on Motion for In Camera Review, 206 Order to Show Cause,,,,. (Attachments: # 1 Exhibit MH Records, # 2 Exhibit Med Records-Pt 1, # 3 Exhibit Med Records-Pt 2) (Bradley, Scott) (Entered: 11/07/2022) |
| 11/22/2022 | 213 | RESPONSE IN OPPOSITION to 207 Response to Order to Show Cause filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit, # 2 Envelope) (keh) (Entered: 11/22/2022) |
| 11/22/2022 | 214 | RESPONSE IN OPPOSITION to 208 Motion for In Camera Review, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Envelope) (keh) (Entered: 11/22/2022) |
| 03/06/2023 | 215 | ORDER. Having reviewed the parties' submissions regarding Plaintiff's mental competency, the Court finds insufficient grounds for appointing a guardian ad litem. Also, Plaintiff's Motion (Doc. 209 ) to appoint Renee Pietropaolo, Esq., is DENIED. Shortly, the Court will issue a final pretrial order setting a jury trial and related trial deadlines. See contents of paper Order corresponding with this docket entry for additional details and reasoning. Signed by Judge Cathy Bissoon on 3/6/23. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 03/06/2023) |
| 03/07/2023 | 216 | FINAL PRETRIAL ORDER. Jury trial (limited to 2 business days) will commence on 6/12/23 at 9:00 a.m.; Plaintiff's pretrial narrative statement is due by 4/6/23; |

| | | |
|---|---|---|
| | | Defendants' pretrial narrative statement is due by 4/27/23; motions in limine, Daubert motions and supporting briefs are due on or before 5/4/23; responses due by 5/15/23; proposed jury instructions (joint), proposed verdict forms (joint) and proposed voir dire due by 5/22/23; joint statements, stipulations and final witness list due by 6/6/23; and a Final Pretrial Conference is scheduled for 5/30/23 at 11:30 a.m. (confidential position statements due three business days before). SEE PAPER ORDER CORRESPONDING WITH THIS DOCKET ENTRY FOR SIGNIFICANT ADDITIONAL DETAILS. Signed by Judge Cathy Bissoon on 3/7/23. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 03/07/2023) |
| 03/23/2023 | 217 | MOTION for Reconsideration re 216 Case Management Order by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit, # 2 Envelope) (keh) (Entered: 03/23/2023) |
| 03/29/2023 | 218 | ORDER. Plaintiff's Motion for Reconsideration (Doc. 217 ) regarding the Final Pretrial Order is DENIED. Signed by Judge Cathy Bissoon on 3/29/23. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 03/29/2023) |
| 04/06/2023 | 219 | PRETRIAL NARRATIVE STATEMENT by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit Unsworn Declaration, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Envelope) (keh) (Entered: 04/06/2023) |
| 04/17/2023 | 220 | ORDER FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (Final Pretrial Conference). Signed by Judge Cathy Bissoon on 4/17/2023. (sms) (Entered: 04/17/2023) |
| 04/17/2023 | 221 | Writ of Habeas Corpus ad Testificandum Issued for 5/30/2023 (Final Pretrial Conference). (sms) (Entered: 04/17/2023) |
| 04/17/2023 | 222 | ORDER FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (Jury Trial). Signed by Judge Cathy Bissoon on 4/17/2023. (sms) (Entered: 04/17/2023) |
| 04/17/2023 | 223 | Writ of Habeas Corpus ad Testificandum Issued for 6/12/2023 (Jury Trial). (sms) (Entered: 04/17/2023) |
| 04/24/2023 | 224 | Remark: The certified copies of the 221 , 223 Writs of Habeas Corpus ad Testificandum sent via U.S. certified mail to the Superintendent of SCI Somerset were received and signed for on 4/20/2023. (sms) (Entered: 04/24/2023) |
| 04/27/2023 | 225 | MOTION for Extension of Time to File *Pretrial Narrative Statement* by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Attachments: # 1 Proposed Order) (Bradley, Scott) (Entered: 04/27/2023) |
| 04/27/2023 | 226 | ORDER granting 225 Defendants' Motion for extension of time to file their pretrial narrative statement. The new deadline is 5/1/23. Signed by Judge Cathy Bissoon on 4/27/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 04/27/2023) |
| 05/01/2023 | 227 | PRETRIAL STATEMENT by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Bradley, Scott) (Entered: 05/01/2023) |
| 05/01/2023 | 228 | MOTION to Appoint Counsel by HENRY UNSELD WASHINGTON. (Attachments: # 1 Cover Letter, # 2 Envelope) (cel) (Entered: 05/01/2023) |
| 05/02/2023 | 229 | ORDER re 228 Plaintiff's "Motion for Assistance from the Clerk of Court." Plaintiff requests information regarding a "civil rights panel." This District does not have one. |

| | | |
|---|---|---|
| | | Plaintiff's inquiry relates to his request for counsel. Despite exhaustive efforts, the Court has been unable to find counsel willing to take Plaintiff's case. For these reasons, the Motion is DENIED. Signed by Judge Cathy Bissoon on 5/2/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 05/02/2023) |
| 05/04/2023 | 230 | First MOTION in Limine *to Exclude Evidence and Testimony of Any Conduct or Events Not Related to the Claims Alleged* by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Attachments: # 1 Proposed Order) (Bradley, Scott) (Entered: 05/04/2023) |
| 05/04/2023 | 231 | BRIEF in Support re 230 Motion in Limine *to Exclude Evidence and Testimony of Any Conduct or Events Not Related to the Claims Alleged* filed by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Bradley, Scott) (Entered: 05/04/2023) |
| 05/04/2023 | 232 | Second MOTION in Limine *to Exclude Certain Exhibits* by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Attachments: # 1 Proposed Order) (Bradley, Scott) (Entered: 05/04/2023) |
| 05/04/2023 | 233 | BRIEF in Support re 232 Motion in Limine *to Exclude Certain Exhibits* filed by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Bradley, Scott) (Entered: 05/04/2023) |
| 05/09/2023 | 234 | MOTION in Limine by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (jma) (Entered: 05/09/2023) |
| 05/15/2023 | 235 | RESPONSE to Motion re 234 MOTION in Limine filed by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Bradley, Scott) (Entered: 05/15/2023) |
| 05/17/2023 | 236 | Remark:Correspondence forwaded by the Eastern District of Pennsylvania. (Attachments: # 1 Envelope) (bjw) (Entered: 05/19/2023) |
| 05/22/2023 | 237 | NOTICE of Appearance by Amelia Jean Goodrich on behalf of D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Goodrich, Amelia) (Entered: 05/22/2023) |
| 05/22/2023 | 238 | Proposed Voir Dire by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ctb) (Entered: 05/22/2023) |
| 05/22/2023 | 239 | PROPOSED VERDICT FORM by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ctb) (Entered: 05/22/2023) |
| 05/22/2023 | 240 | Proposed Jury Instructions by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ctb) (Entered: 05/22/2023) |
| 05/22/2023 | 241 | RESPONSE IN OPPOSITION to 227 Pretrial Statement, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (ctb) (Entered: 05/22/2023) |
| 05/22/2023 | 242 | MOTION to Participate Remotely in Final Pretrial Conference re 216 Case Management Order, by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Attachments: # 1 Proposed Order) (Bradley, Scott) (Entered: 05/22/2023) |
| 05/22/2023 | 243 | Proposed Jury Instructions by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Bradley, Scott) (Entered: 05/22/2023) |
| 05/22/2023 | 244 | PROPOSED VERDICT FORM by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Bradley, Scott) (Entered: 05/22/2023) |
| 05/22/2023 | 245 | Proposed Voir Dire by D. FARRIER, T. S. OSWALD, J. M. SMITH, M. STUMP. (Bradley, Scott) (Entered: 05/22/2023) |

| 05/23/2023 | 246 | ORDER denying 242 defense counsel Scott Bradley's Motion to Participate Remotely in the Final Pretrial Conference ("FPTC"), with explanation. The FPTC on 5/30/23 was scheduled on 3/7/23, and there is no indication that counsel's holiday travel plans predated the scheduling of the FPTC. Assuming they did, had counsel promptly advised the Court of the conflict, it could have scheduled the FPTC at a different date and time. It is too late now, given that the Court has undertaken significant efforts to secure Plaintiff's attendance at the FPTC, as scheduled. See, e.g., Docs. 220 & 221 (Order and Writ of Habeas Corpus Ad Testificandum). Under the circumstances, either Mr. Bradley shall appear in person at the FPTC, or his co-counsel (who intends to appear in person) must be prepared to handle all aspects of Defendants' participation. Signed by Judge Cathy Bissoon on 5/23/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 05/23/2023) |
| 05/23/2023 | 247 | REPLY to 232 Motion in Limine, 230 Motion in Limine, 234 Motion in Limine, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (sdp) (Entered: 05/23/2023) |
| 05/23/2023 | 248 | MOTION in Limine by HENRY UNSELD WASHINGTON. (Attachments: # 1 Proposed Order, # 2 Envelope) (ctb) (Entered: 05/24/2023) |
| 05/24/2023 | 249 | ORDER. The Motions in Limine filed by the parties (Docs. 230 , 232 & 234 ) are GRANTED, as described in the paper Order corresponding with this docket entry. Signed by Judge Cathy Bissoon on 5/24/23. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 05/24/2023) |
| 05/24/2023 | 250 | ORDER denying Plaintiff's Motion in Limine (Doc. 248 ). The deadline for MILs was 5/4/23. Plaintiff's Motion is dated 5/14/23, ten days after the deadline. The postmark indicates that it was mailed 5/17/23, thirteen days after the deadline. The Motion, therefore, is denied as significantly untimely. Even were the Court to address the Motion on the merits, it merely asserts anticipatory hearsay objections, and argues that certain medical records identified by Defendants are irrelevant. Plaintiff may level such objections at trial, as appropriate, and he has failed to convince the Court that anticipatory rulings are warranted or necessary. Signed by Judge Cathy Bissoon on 5/24/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 05/24/2023) |
| 05/30/2023 | 251 | Minute Entry for proceedings held before Judge Cathy Bissoon: Final Pretrial Conference held on 5/30/23. Conference held, trial will proceed as scheduled. (Court Reporter: Sharon Siatkowski) (dcd) (Entered: 05/30/2023) |
| 06/07/2023 | 252 | ORDER. The parties' deadline for presenting trial-related stipulations was 6/6/23. On approximately 6/6/23, the Clerk of Court received from Plaintiff a "statement of the case." Although Plaintiff's submission contains the word "stipulated," it is clear from the contents that Plaintiff's statements are not agreed upon by the parties. Accordingly, Plaintiff's submission is unnecessary, and will not be docketed. Given that stipulations (i.e., things agreed upon by the parties) have not been presented, the Court hereby acknowledges that there are no stipulations for the purposes of trial. Signed by Judge Cathy Bissoon on 6/7/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 06/07/2023) |

| 06/12/2023 | 253 | ORDER OF JURY SELECTION PROCEDURE. Signed by Judge Cathy Bissoon on 6/12/23. (dcd) (Entered: 06/12/2023) |
|---|---|---|
| 06/12/2023 | 254 | TEXT Minute Entry for proceedings held before Judge Cathy Bissoon: Jury Selection held on 6/12/2023, Jury Trial begun on 6/12/2023. Jury Trial Continues 6/13/2023. (Court Reporter: S. Siatkowski) Text-only entry; no PDF document will issue. This text-only entry constitutes a Minute of the Court or Notice on the matter. (jgb) (Entered: 06/12/2023) |
| 06/13/2023 | 255 | TEXT Minute Entry for proceedings held before Judge Cathy Bissoon: Jury Trial held on 6/13/2023. Plaintiff and Defense rests. Judgement as a Matter of Law was granted in favor of Defendants J. M. SMITH, D. FARRIER and M. STUMP, and against Plaintiff, under Federal Rule of Civil Procedure 50. Final jury instructions given. Plaintff and Defendant gave closing statements. Jury deliberation began. Deliberation to resume 6/14/2023. (Court Reporter: S. Siatkowski) Text-only entry; no PDF document will issue. This text-only entry constitutes a Minute of the Court or Notice on the matter. (jgb) Modified text on 6/14/2023. (jgb) (Entered: 06/13/2023) |
| 06/14/2023 | 256 | ORDER. For the reasons stated on the record during the Jury Trial, Judgment as a Matter of Law was granted in favor of Defendants J. M. SMITH, D. FARRIER and M. STUMP, and against Plaintiff, under Federal Rule of Civil Procedure 50, because Plaintiff failed to present a legally sufficient evidentiary basis for the claims against those Defendants. The case proceeded to a verdict as to the only remaining Defendant, T. S. OSWALD. Signed by Judge Cathy Bissoon on 6/14/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 06/14/2023) |
| 06/14/2023 | 257 | Minute Entry for proceedings held before Judge Cathy Bissoon: Jury Trial completed on 6/14/2023. Jury Deliberation continued. Jury returned a verdict in favor of the Plaintiff against the Defendant Oswald for violating the Plaintiff's Eight Amendment rights and punitive damages. (Court Reporter: S. Siatkowski) (jgb) (Entered: 06/14/2023) |
| 06/14/2023 | 258 | Peremptory Challenges. (jgb) (Entered: 06/14/2023) |
| 06/14/2023 | 259 | Witness List for Jury Trial held 6/12/2023 to 6/14/2023. (jgb) (Entered: 06/14/2023) |
| 06/14/2023 | 260 | Jury Question #1. (jgb) (Entered: 06/14/2023) |
| 06/14/2023 | 261 | Jury Question #2. (jgb) (Entered: 06/14/2023) |
| 06/14/2023 | 262 | JURY VERDICT in favor of HENRY UNSELD WASHINGTON in the amount of $265,000.00. (jgb) (Entered: 06/14/2023) |
| 06/14/2023 | 263 | JUDGMENT in favor of Plaintff HENRY UNSELD WASHINGTON against T.M. OSWALD for the total amount of $265,00.00. Signed by Judge Cathy Bissoon on 6/14/2023. (jgb) (Entered: 06/14/2023) |
| 06/23/2023 | 264 | MOTION for Amendment of Judgment, MOTION for New Trial, MOTION for Relief of Judgment by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (keh) (Entered: 06/23/2023) |
| 06/23/2023 | 265 | MOTION for Recognition by the Court by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (keh) (Entered: 06/23/2023) |
| 06/27/2023 | 266 | ORDER granting 265 Plaintiff's "Motion for Recognition by the Court," to this extent. Plaintiff indicates that he received notice, on 6/16/23, that Court mail was returned to sender because of "No CCN." CCN refers to a "Court Control Number." Although the |

| | | mailing has not yet been returned to the Court, the only recent mailing directed to Plaintiff was a text-Order dated 6/14/23, regarding the grant of judgment as a matter of law as relates to Defendants J. M. SMITH, D. FARRIER and M. STUMP. Although Plaintiff is aware of this ruling, as revealed by his recent Motion regarding the same matter (see Doc. 264 ), the text-Order dated 6/14/23 will be re-sent to him, along with a copy of this Order, with an appropriate CCN. Signed by Judge Cathy Bissoon on 6/27/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 06/27/2023) |
|---|---|---|
| 06/30/2023 | 267 | ORDER. Plaintiff's Motion (Doc. 264 ) for amendment or relief from judgment, under Federal Rules 59 and 60, is DENIED. Signed by Judge Cathy Bissoon on 6/30/23. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 06/30/2023) |
| 07/10/2023 | 268 | MOTION for Judgment as a Matter of Law , MOTION for New Trial , MOTION for Relief of Judgment by T. S. OSWALD. (Attachments: # 1 Exhibit A, # 2 Proposed Order) (Bradley, Scott) (Entered: 07/10/2023) |
| 07/10/2023 | 269 | BRIEF in Support re 268 Motion for Judgment as a Matter of Law, Motion for New Trial, MOTION for Relief of Judgment filed by T. S. OSWALD. (Bradley, Scott) (Entered: 07/10/2023) |
| 07/17/2023 | 270 | NOTICE OF APPEAL as to 169 Order on Motion for Summary Judgment, 263 Judgment by HENRY UNSELD WASHINGTON. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Attachments: # 1 Envelope) (keh) (Entered: 07/17/2023) |
| 07/17/2023 | 271 | ORDER. Plaintiff may respond to Defendant's Motion for Judgment As a Matter of Law (Doc. 268 ) by no later than 7/31/23. Plaintiff's Notice of Appeal (Doc. 270 ) does not divest the District Court of jurisdiction regarding Defendant's Motion. See Fed. R. App. P. 4(a)(4)(A) ("If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."). Signed by Judge Cathy Bissoon on 7/17/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff note: a copy of this filing will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 07/17/2023) |
| 07/20/2023 | 272 | ORDER. Defendant has attached to his post-trial Motion (Doc. 268 ) an excerpted portion of the trial transcript. The excerpt does not reflect the original trial transcript pagination, given that the testimony begins on page 2 of the transcript, and there were proceedings in advance of said testimony. See Doc. 268 -1. Furthermore, Defendant's Motion will require the Court to examine other trial transcripts. Because Defendant's Motion has created the need to review transcripts, it hereby is ORDERED that the transcripts of the jury trial (excluding jury selection and closings) shall be produced and filed, by 8/3/23, with costs to be borne by Defendant. Should Defendant object to paying for the transcript, by 7/27/23, his counsel may file a notice with the Court, with citation to legal authority, demonstrating why his payment is unwarranted or improper; or indicating that his post-trial Motion is withdrawn. Finally, Plaintiff's deadline for responding to Defendant's post-trial Motion is suspended, pending the filing of the transcript (which the Court will mail to Plaintiff once filed) or upon resolution of |

Washington000042

| | | |
|---|---|---|
| | | Defendant's notice regarding transcripts. Plaintiff's new deadline will be set by future order of Court. Signed by Judge Cathy Bissoon on 7/20/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff Note: a paper copy of this text Order will be sent, via First-Class U.S. Mail, to Plaintiff's address of record. (Entered: 07/20/2023) |
| 07/24/2023 | 273 | USCA Case Number 23-2277 for 270 Notice of Appeal, filed by HENRY UNSELD WASHINGTON. USCA Case Manager Laurie (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF) (lr) (Entered: 07/24/2023) |
| 07/26/2023 | 274 | ORDER of USCA as to 270 Notice of Appeal, filed by HENRY UNSELD WASHINGTON RULE 4(a)(4) staying case pending disposition of post decision motion(s). (lr3) (Entered: 07/26/2023) |
| 08/01/2023 | 275 | REPLY to 268 Motion for Judgment as a Matter of Law, Motion for New Trial, MOTION for Relief of Judgment, 269 Brief in Support of Motion, filed by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (keh) (Entered: 08/02/2023) |
| 08/03/2023 | 276 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Jury Trial Excerpts held on June 12, 2023 before Judge Cathy Bissoon. Court Reporter Sharon Siatkowski, Telephone number 412-773-3623. Tape Number: ssiatkowski.usdc@outlook.com. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 8/10/2023. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (sls) (Entered: 08/03/2023) |
| 08/03/2023 | 277 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings re Jury Trial Excerpts held on June 13, 2023 before Judge Cathy Bissoon. Court Reporter Sharon Siatkowski, Telephone number 412-773-3623. Tape Number: ssiatkowski.usdc@outlook.com. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely, electronically available to the public without redaction after 90 calendar days. For redaction purposes, or otherwise, during this 90 day period a copy of the transcript may be purchased from the court reporter or viewed at the clerk's office public terminal. **Any Notice of Intent to Request Redaction and Redaction Request must be separately mailed to the court reporter of said proceedings.** Notice of Intent for Redaction of Personal Data Identifiers due by 8/10/2023. Redaction Request due 8/24/2023. Redacted Transcript Deadline set for 9/5/2023. Release of Transcript Restriction set for 11/1/2023. (sls) (Entered: 08/03/2023) |
| 08/03/2023 | 278 | ORDER. Consistent with the text Order dated 7/20/23 (Doc. 272), today, the Court will transmit to Plaintiff copies of the trial transcripts filed at Docs. 276 & 277 . Notably, Plaintiff already has filed a written response in opposition to Defendant's post-trial Motion (Doc. 268 ). See Pl.'s Opp'n (Doc. 275 ). Given that the trial transcripts are now available, Plaintiff may - but he is not required to - supplement his response in opposition. Supplementation, if any, must be filed by 8/14/23. Signed by Judge Cathy Bissoon on 8/3/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff Note: a paper |

| | | copy of this text Order, and the transcripts referenced therein, will be sent via First-Class U.S. Mail to Plaintiff's address of record. (Entered: 08/03/2023) |
|---|---|---|
| 08/04/2023 | 279 | MOTION to Adjust Compensatory Damage Award to those of Similar Cases by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (keh) (Entered: 08/04/2023) |
| 08/04/2023 | 280 | ORDER. Plaintiff's Motion (Doc. 279 ) to adjust compensatory damages is DENIED. In cases where the damage amount is uncertain, modification of a jury's damage award is inappropriate because the assessment of damages is so peculiarly within the province of the jury. Accu-Spec Elec. Servs., Inc. v. Cent. Transp. Int'l, 2006 WL 995735, *1 (W.D. Pa. Apr. 13, 2006) (citation omitted). Exceptions are rare, and this case does not qualify. Signed by Judge Cathy Bissoon on 8/4/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff Note: a paper copy of this text Order will be sent via First-Class U.S. Mail to Plaintiff's address of record. (Entered: 08/04/2023) |
| 08/08/2023 | 281 | MOTION for Leave to File Supplemental Pleading by HENRY UNSELD WASHINGTON. (Attachments: # 1 Envelope) (keh) (Entered: 08/08/2023) |
| 08/08/2023 | 282 | ORDER. Plaintiff's Motion (Doc. 281 ) for leave to file a supplemental pleading is DENIED, with explanation. Defendant's post-trial Motion (Doc. 268 ) does not address the sufficiency of the pleadings, but, rather, the sufficiency of the evidence presented at trial. Plaintiff has failed to identify, and the Court cannot imagine, any reason why the pleadings can or should be reopened at this juncture. Otherwise, the Court has granted Plaintiff until 8/14/23 to supplement his response in opposition to Defendant's Motion (not to supplement Plaintiff's pleadings). See text Order dated 8/3/23 (Doc. 278). That deadline remains in place. Signed by Judge Cathy Bissoon on 8/8/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff Note: a paper copy of this text Order will be sent via First-Class U.S. Mail to Plaintiff's address of record. (Entered: 08/08/2023) |
| 08/10/2023 | 283 | ORDER of USCA as to 270 Notice of Appeal, granting motion to proceed in forma pauperis filed by Appellant Mr. Henry Unseld Washington. The appeal will be submitted to a panel for determination under 28 U.S.C. Section 1915(e)(2) or for summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. (jkn) (Entered: 08/11/2023) |
| 08/11/2023 | 284 | MOTION for supplemental pleading per FRCP 15D by HENRY UNSELD WASHINGTON. (Attachments: # 1 Exhibit, # 2 Envelope) (jkn) (Entered: 08/14/2023) |
| 08/15/2023 | 285 | ORDER denying 284 Plaintiff's second Motion for supplemental pleading, for the same reasons as stated in the text Order of 8/8/23 (Doc. 282) denying his first Motion for leave to file a supplemental pleading. The Court also would note that the media article attached to the present Motion is not, and cannot properly be deemed, a supplemental pleading. Signed by Judge Cathy Bissoon on 8/15/23. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (dcd) Staff Note: a paper copy of this text Order will be sent via First-Class U.S. Mail to Plaintiff's address of record. (Entered: 08/15/2023) |
| 08/29/2023 | 286 | Filing fee: $505, receipt number 200005417 (jkn) (Entered: 09/14/2023) |
| 09/14/2023 | | NOTIFICATION TO THIRD CIRCUIT COURT OF APPEALS re 286 Filing Fee Received (jkn) (Entered: 09/14/2023) |
| 10/02/2023 | 287 | ORDER. Defendant's Motion (Doc. 268 ) for judgment as a matter of law, a new trial or remittitur is DENIED. Signed by Judge Cathy Bissoon on 10/2/23. (dcd) Staff Note: |

| | | |
|---|---|---|
| | | a copy of this filing will be sent via First-Class U.S. Mail to Plaintiff's address of record. (Entered: 10/02/2023) |
| 10/30/2023 | 288 | NOTICE OF APPEAL as to 287 Order on Motion for Judgment as a Matter of Law, Order on Motion for New Trial, Order on Motion for Relief of Judgment, by T. S. OSWALD. Filing fee $505, receipt number APAWDC-7956225. Motion for IFP N/A. Certificate of Appealability N/A. Court Reporter(s): Sharon Siatkowsi. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Attachments: # 1 Certificate of Service) (Bradley, Scott) (Entered: 10/30/2023) |
| 10/31/2023 | 289 | USCA Case Number 23-2963 for 288 Notice of Appeal, filed by T. S. OSWALD. USCA Case Manager Caitlyn (CJG) (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF). (cjg3) (Entered: 10/31/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/20/2024 14:01:09 | | | |
| **PACER Login:** | hgh74264 | **Client Code:** | hgh |
| **Description:** | Docket Report | **Search Criteria:** | 2:15-cv-01031-CB |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HENRY UNSELD WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.M. SMITH, T.S. OSWALD, | ) |
| D. FARRIER and M. STUMP, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 15-1031

Judge Cathy Bissoon

## VERDICT SLIP

### Eighth Amendment-Sexual Abuse (August 1, 2013) against Defendant Oswald

1.     Do you find by a preponderance of evidence that, on August 1, 2013,

Defendant Oswald sexually abused Mr. Washington, in violation of his Eighth Amendment

rights?

      (Check the appropriate box)

              _√_ Yes           _____No

**If you answered "Yes" to Question 1, proceed to Question 2.  If you answered "No" to**
**Question 1, you have completed this section and should proceed to Question 6.**

2.     Do you find by a preponderance of evidence that Mr. Washington suffered actual

injury based on the actions of Defendant Oswald on August 1, 2013?

      (Check the appropriate box)

              _√_ Yes           _____No

**If you answered "Yes" to Question 2, proceed only to <u>Question 3a</u>.  If you answered "No" to Question 2, proceed only to <u>Question 3b</u>.**

3a.  Please state the amount that will fairly compensate Mr. Washington for any physical injury or emotional pain and mental anguish that he sustained as a result of the actions of Defendant Oswald on August 1, 2013:

$ 20,000 ⁰⁰/₀₀

**After answering Question 3a proceed to <u>Question 4</u>.**

3b.  Because you answered "no" to Question 2 above, Mr. Washington is awarded nominal damages in the amount of $1.00.

**After reviewing Question 3b proceed to <u>Question 4</u>.**

4.  Do you find by a preponderance of evidence that, on August 1, 2013, Defendant Oswald acted maliciously or wantonly in violating Mr. Washington's Eighth Amendment rights?

(Check only one box)

Yes ___✓___   No _____

**If you answered "Yes" to any part of Question 4, proceed to <u>Question 5</u>.  If you answered "No" to all of Question 4, proceed to <u>Question 6</u>.**

      5.     What amount of punitive damages, if any, do you award to Mr. Washington, based on the events on August 1, 2013?

      (Do not leave the space "blank."  Enter a dollar amount, or "0.")

$ <u>75,000.00</u>

**Proceed to <u>Question 6</u>.**

**<u>Eighth Amendment-Sexual Abuse (April 2, 2015) against Defendant Oswald</u>**

      6.     Do you find by a preponderance of evidence that, on April 2, 2015, Defendant Oswald sexually abused Mr. Washington, in violation of his Eighth Amendment rights?

      (Check the appropriate box)

      <u>  ✓  </u> Yes        <u>      </u>No

**If you answered "Yes" to Question 6, proceed to <u>Question 7</u>.  If you answered "No" to Question 6, you are finished with the Verdict Slip and should now sign and date it at the end.**

      7.     Do you find by a preponderance of evidence that Mr. Washington suffered actual injury based on the actions of Defendant Oswald on April 2, 2015?

      (Check the appropriate box)

      <u>  ✓  </u> Yes        <u>      </u>No

**If you answered "Yes" to Question 7, proceed only to <u>Question 8a</u>. If you answered "No" to Question 7, proceed only to <u>Question 8b</u>.**

8a.  Please state the amount that will fairly compensate Mr. Washington for any physical injury or emotional pain and mental anguish that he sustained as a result of Defendant Oswald's conduct on April 2, 2015:

$ 20,000.00

**After answering Question 8a proceed to <u>Question 9</u>.**

8b.  Because you answered "no" to Question 7 above, Mr. Washington is awarded nominal damages in the amount of $1.00.

**After reviewing Question 8b proceed to <u>Question 9</u>.**

9.  Do you find by a preponderance of evidence that, on April 2, 2015, Defendant Oswald acted maliciously or wantonly in violating Mr. Washington's Eighth Amendment rights?

(Check the appropriate box)

    ✓    Yes            No

Washington000049

**If you answered "Yes" to Question 9, proceed to <u>Question 10</u>. If you answered "No" to Question 9, you are finished with the Verdict Slip and should now sign and date it at the end.**

    10.    What amount of punitive damages, if any, do you award to Mr. Washington as a

result of Defendant Oswald's conduct on April 2, 2015?

    (Do not leave the space "blank." Enter a dollar amount, or "0.")

$ _200,000.⁰⁰_

*Your deliberations are complete. Please sign and date the Verdict Form and notify the Court that you have reached a verdict.*

1. _____    6-14-2023
(Jury Foreperson's signature)            Date

2. _____    6. _____

3. _____    7. _____

4. _____    8. _____

5. _____

AO 450 (Rev. 11/11)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Pennsylvania ▼

| | |
|---|---|
| HENRY UNSELD WASHINGTON | ) |
| *Plaintiff* | ) |
| v. | ) |
| J.M. SMITH et al | ) |
| *Defendant* | ) |

Civil Action No. 2:15-cv-01031-CB

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____ ), which includes prejudgment interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____

☑ other:   The Jury returned a verdict in favor of the Plaintiff, Henry Washington in the total amount of $265,000.00.

This action was *(check one)*:

☑ tried by a jury with Judge Cathy Bissoon _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☐ decided by Judge _____ on a motion for

Date: *June 14, 2023*

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*