IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

**No. 23-2963**

**HENRY UNSELD WASHINGTON,**

**v.**

**ROBERT GILMORE, Warden; TRACY SHAWLEY, Warden's Assistant; S.P. DURCO, RHU Commander; P.E. BARKEFELT, RHU Lieutenant; A.J. MORRIS, Lieutenant; C. WILLIAMS, Lieutenant; G. CRABLE, Sergeant; J.M. SMITH, Sergeant; ROBERT NELSON, Corrections Officer; T.S. OSWALD, Corrections Officer; L. COMER, Corrections Officer; T.I. BENNETT, Property Officer/Corrections Officer; R. HENDRICKS, Corrections Officer; J. CODDY, Corrections Officer; J. HEGETER, Corrections Officer; D. FARRIER, Corrections Officer; M. STUMP, Corrections Officer; G. TAIT; J.D. SUHAN, Corrections Officer; IRMA VIHLIDAL, Health Care Administrator; B. JIN, Medical Director; M. PARK, Doctor; P. DASCANI, Doctor; M. COMER, P.A.; E. MATTES, P.A.; E. MWUARA, P.A.; P. DENNISON, Corrections Officer**

**REPLY BRIEF FOR APPELLANT T.S. OSWALD**

APPEAL FROM THE JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA ENTERED ON OCTOBER 2, 2023

MICHELLE A. HENRY
*Attorney General*

Office of Attorney General    BY:    ANTHONY T. KOVALCHICK
1251 Waterfront Place                 *Deputy Attorney General*
Mezzanine Level
Pittsburgh, PA 15222
Phone: (412) 565-2543          SEAN A. KIRKPATRICK
                                   *Chief Deputy Attorney General*
DATE: June 17, 2024           *Appellate Litigation Section*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES……………………………………………………………ii

SUMMARY OF ARGUMENT ...............................................................................1

ARGUMENT ........................................................................................................3

    I.    APPELLANT T.S. OSWALD PROPERLY PRESERVED HIS CHALLENGE TO THE SUFFICIENCY OF THE EVIDENCE SUPPORTING THE JURY'S VERDICT …………………………………………………………………………………...3

        A.    The Relevant Procedural History………………………………3

        B.    Oswald Properly Preserved His Challenge to the Sufficiency of the Evidence Supporting the Jury's Verdict Under the Amended, Post-2006 Version of Rule 50……………………...4

        C.    Oswald's Challenge to the Sufficiency of the Evidence Supporting the Jury's Verdict Would Have Still Been Preserved Under this Court's Pre-2006 Decisions………………………...9

    II.    THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE VERDICT…………..10

    III.    FEDERAL COMMON LAW LIMITS THE AMOUNT OF PUNITIVE DAMAGES THAT CAN BE AWARDED IN AN ACTION BROUGHT UNDER 42 U.S.C. § 1983…………………………………………………………………….11

    IV.    THE EXCESSIVE PUNITIVE DAMAGE AWARD IS UNCONSTITUTIONAL...14

    V.    OSWALD IS ENTITLED TO RELIEF AS A MATTER OF LAW……………..15

CONCLUSION…………………………………………………………...17

CERTIFICATE OF COUNSEL…………………………………………..19

CERTIFICATE OF SERVICE……………………………………………20

# TABLE OF AUTHORITIES

**Page**

## Cases

*Ambrose v. Township of Robinson*, 303 F.3d 488, 493-496 (3d Cir. 2002) ............10

*Basista v. Weir*, 340 F.2d 74, 86-88 (3d Cir. 1965).................................13

*BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574-586 (1996)....................15

*Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278-280 (1989)...................................................................13

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 716-717 (3d Cir. 2010)......................16

*Dupree v. Younger*, 598 U.S. 729, 735 (2023) ........................................9

*Dusenbery v. United States*, 534 U.S. 161, 167 (2002) .........................................12

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 511-514 (2008).......................... 13, 14

*Fineman v. Armstrong World Industries, Inc.*, 980 F.2d 171, 183-185 (3d Cir. 1992) ...............................................................................9

*Gebhardt v. Wilson Freight Forwarding Co.*, 348 F.2d 129, 132 (3d Cir. 1965).....5

*Hetzel v. Prince William County*, 523 U.S. 208, 212 (1998) (*per curiam*) .............15

*In re: Bayside Prison Litigation (Mejias v. Roth)*, 331 Fed. Appx. 987, 993, & n. 11 (3d Cir. 2009) (unpublished) .......................................................14

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 289-293 (3d Cir. 2018) ......7, 11

*Kars 4 Kids, Inc. v. America Can!*, 8 F.4th 209, 220 (3d Cir. 2021)........................7

*Keenan v. City of Philadelphia*, 983 F.2d 459, 472, n. 12 (3d Cir. 1992)...............12

*Kellogg v. Energy Safety Services, Inc.*, 544 F.3d 1121, 1128, n. 2 (10th Cir. 2008)

..................................................................................................................6

*Leonard v. Stemtech International, Inc.*, 834 F.3d 376, 386 (3d Cir. 2016) ...........16

*Lesende v. Borrero*, 752 F.3d 324, 338 (3d Cir. 2014)............................................16

*Lowenstein v. Pepsi-Cola Bottling Co. of Pennsauken*, 536 F.2d 9, 10, n. 4 (3d Cir.

1976) .......................................................................................................6, 7

*Phillip Morris USA v. Williams*, 549 U.S. 346, 353-355 (2007)............................15

*Production Specialties Group, Inc. v. Minsor Systems, Inc.*, 513 F.3d 695, 699, n. 1

(7th Cir. 2008).........................................................................................6

*Sheedy v. City of Philadelphia*, 184 Fed. Appx. 282, 285, n. 2 (3d Cir. 2006)

(unpublished) ........................................................................................15

*Smith v. Wade*, 461 U.S. 30, 56 (1983)..................................................................13

*State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 416, 425

(2003) ................................................................................................ 12, 14

*Unitherm Food Systems, Inc. v. Swift-Echrich, Inc.*, 546 U.S. 394, 399 (2006).......5

*Wallace v. Mahanoy*, 2 F.4th 133, 144, n. 16 (3d Cir. 2021) ..................................14

*Williams v. City of York*, 967 F.3d 252, 261-263 (3d Cir. 2020)............................10

*Williams v. Runyon*, 130 F.3d 568, 572 (3d Cir. 1997) ............................................9

iii

*Willow Inn, Inc. v. Public Service Mutual Insurance Co.*, 399 F.3d 224, 230-238

   (3d Cir. 2005) .................................................................................................13

## Statutes

42 U.S.C. § 1983 ..............................................................................................2

## Rules

Fed. R. Civ. P. 50(a)(2) ...................................................................................6

Fed. R. Civ. P. 50(b) .......................................................................................7

# SUMMARY OF ARGUMENT

The evidence presented by Appellee Henry Unseld Washington failed to establish that Appellant T.S. Oswald had violated his Eighth Amendment rights. At the close of Washington's case, Oswald properly moved for the entry of a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). After the jury rendered a verdict in Washington's favor, Oswald correctly sought relief under Rule 50(b). Those actions preserved Oswald's ability to challenge the sufficiency of the evidence supporting the jury's verdict on appeal.

After Oswald testified in his own defense, he was not required to seek relief under Rule 50(a) again, before the case was submitted to the jury. Washington's argument to the contrary is based on an earlier version of Rule 50(b), which was amended in 2006 to delete language limiting post-trial relief to motions mirroring earlier requests that had been made at the close of all the evidence. This Court's decisions interpreting the pre-2006 version of Rule 50(b) have no application to this case, which was tried in June 2023. Because Oswald properly preserved his challenge to the sufficiency of the evidence supporting the jury's verdict under the current, post-2006 version of Rule 50(b), Washington's argument relating to waiver is wholly lacking in merit and should be summarily rejected.

During the trial, Washington testified that an unidentified employee of the Pennsylvania Department of Corrections ("DOC") had hit him in the testicles with

a stick while Oswald had his hands restrained through a wicket.  Even if

Washington's testimony is taken at face value, there is absolutely no evidence

suggesting that Oswald subjectively knew that another DOC employee would

improperly strike Washington.  And although Washington alleged that unspecified

corrections officers had committed other improper acts, he did not attribute those

acts to Oswald.  Washington cannot hold Oswald liable for acts committed by

other individuals.  Consequently, the jury's finding of liability cannot stand and the

District Court's judgment should be reversed.

Even if the jury's finding of liability is sustained, the jury's award of

$200,000.00 in punitive damages for an alleged constitutional tort that resulted in

only $20,000.00 in compensatory damages violates Oswald's rights under both

federal common law and the Due Process Clause of the Fifth Amendment.  This

Court's prior decisions confirm that federal common law governs (and limits) the

amount of punitive damages that can be awarded in an action brought under 42

U.S.C. § 1983.  For this reason, Washington's attempt to confine this Court's

review to the constitutional considerations applicable under the Due Process

Clause is unavailing.  In any event, the excessive award is unconstitutional and

could not be sustained under the Due Process Clause even if federal common law

did not independently preclude it.  Because the punitive damage award is unlawful,

it should be reduced to no more than $40,000.00.

# ARGUMENT

## I.    APPELLANT T.S. OSWALD PROPERLY PRESERVED HIS CHALLENGE TO THE SUFFICIENCY OF THE EVIDENCE SUPPORTING THE JURY'S VERDICT

### A.    The Relevant Procedural History

Appellee Henry Unseld Washington's claims against four corrections officers proceeded to trial.  Those four corrections officers were J.M. Smith, D. Farrier, M. Stump, and Appellant T.S. Oswald.  After the close of Washington's case, the DOC parties moved for the entry of a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).  Appellate ECF No. 20 at 92. Specifically, the DOC parties argued that Washington had not identified any of the four defendants during his testimony describing the alleged constitutional torts upon which his claims were based.  Appellate ECF No. 20 at 92-93.  Although the District Court granted the motion with respect to Washington's claims against Smith, Farrier, and Stump, it allowed his claims against Oswald to proceed. Appellate ECF No. 20 at 94.

Oswald later testified in his own defense.  The jury ultimately determined that Oswald had violated Washington's Eighth Amendment rights on August 1, 2013, and April 2, 2015.  Appellate ECF No. 19 at 87-91.  Washington was awarded $20,000.00 in compensatory damages, and $25,000.00 in punitive damages, for the incident that was alleged to have occurred on August 1, 2013. Appellate ECF No. 19 at 88-89.  The jury awarded Washington $20,000.00 in

compensatory damages, and $200,000.00 in punitive damages, for the incident that was alleged to have occurred on April 2, 2015.  Appellate ECF No. 19 at 90-91.

After the District Court entered a judgment in favor of Washington (and against Oswald) in the amount of $265,000.00, Oswald filed a timely motion for a judgment as a matter of law under Rule 50(b).  ECF Nos. 263 & 268.  In the alternative, Oswald asked for a new trial or a remittitur of the $200,000.00 punitive damage award (to no more than $40,000.00) on the claim premised on the alleged events of April 2, 2015.  ECF No. 268 at 4.  The District Court denied Oswald's motion.  ECF No. 287.  Oswald filed a timely notice of appeal.  ECF No. 288.

### B.    Oswald Properly Preserved His Challenge to the Sufficiency of the Evidence Supporting the Jury's Verdict Under the Amended, Post-2006 Version of Rule 50

In his principal brief, Oswald explained why the evidence introduced during the trial was insufficient to sustain the jury's verdict against him.[1]  Appellate ECF No. 19 at 21-24.  Washington now argues that Oswald did not properly preserve his challenge to the sufficiency of the evidence.  Appellate ECF No. 27 at 24-25.  In any event, Washington is profoundly mistaken.  His argument is based on an outdated version of Rule 50, which was amended in 2006 and preserves Oswald's

---

[1] Of course, Oswald continues to rely on the arguments advanced in his earlier brief with respect to the main issues in this case.  Appellate ECF No. 19.  This reply brief is being filed in response to specific arguments that Washington advanced in his responsive brief.

challenge to the sufficiency of the evidence underpinning the jury's verdict under the precise circumstances of this case.

Oswald properly moved for the entry of a judgment as a matter of law at the close of Washington's case. Appellate ECF No. 20 at 92-93. After the District Court entered judgment against him, Oswald renewed his motion for the entry of a judgment as a matter of law. ECF No. 268. By moving for the entry of a judgment as a matter of law both **before** and **after** the jury rendered its verdict, Oswald fully complied with the respective requirements of Rules 50(a) and 50(b). *Unitherm Food Systems, Inc. v. Swift-Echrich, Inc.*, 546 U.S. 394, 399 (2006) ("Federal Rule of Civil Procedure 50 sets forth the procedural requirements for challenging the sufficiency of the evidence in a jury trial and establishes two stages for such challenges—prior to submission of the case to the jury, and after the verdict and entry of judgment.").

Washington does not deny that Oswald satisfied the requirements of both Rule 50(a) and Rule 50(b). Instead, he argues that Oswald waived his challenge to the sufficiency of the evidence by testifying in his own defense **after** his Rule 50(a) motion had been denied and declining to renew that motion **before** the case was submitted to the jury. Appellate ECF No. 27 at 24-25. Washington's outdated and obsolete argument is based on language in *Gebhardt v. Wilson Freight Forwarding Co.*, 348 F.2d 129, 132 (3d Cir. 1965), stating that "the introduction of

5

evidence after the denial of a motion for directed verdict constitutes a waiver of the error, if any, in the denial unless the motion is renewed at the close of all the evidence." The rule of law articulated in *Gebhardt* was based on pre-2006 language in Rule 50(b) that specifically authorized a party moving for the entry of a judgment notwithstanding an adverse verdict to renew only an earlier "motion for a directed verdict made at the close of all the evidence[.]" *Lowenstein v. Pepsi-Cola Bottling Co. of Pennsauken*, 536 F.2d 9, 10, n. 4 (3d Cir. 1976) (quoting the language used in the pre-2006 version of Rule 50(b)). On December 1, 2006, that language was **deleted** from Rule 50(b). *Production Specialties Group, Inc. v. Minsor Systems, Inc.*, 513 F.3d 695, 699, n. 1 (7th Cir. 2008).

Under the current version of Rule 50(b), a party may renew **any** Rule 50(a) motion for a judgment as a matter of law after losing at trial, regardless of whether that motion was filed **before** or **after** "the close of all the evidence." *Kellogg v. Energy Safety Services, Inc.*, 544 F.3d 1121, 1128, n. 2 (10th Cir. 2008). And the plain language of Rule 50(a)(2) provides that a motion seeking the entry of a judgment as a matter of law "may be made at **any** time before the case is submitted to the jury."[2] FED. R. CIV. P. 50(a)(2) (boldface type added). For this reason, a

---

[2] Prior to the amendment, the first sentence of Rule 50(b) provided: "Whenever a motion for a directed verdict **made at the close of all the evidence** is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by

defendant can now file a post-trial Rule 50(b) motion on any grounds that were previously advanced in a motion for a judgment as a matter of law made **at the end of the plaintiff's case**. *Kars 4 Kids, Inc. v. America Can!*, 8 F.4th 209, 220 (3d Cir. 2021). That is exactly what Oswald did here. Appellate ECF No. 20 at 92-94; ECF No. 268 at 2, ¶¶ 5, 10-13.

In another portion of his brief, Washington argues that Oswald somehow forfeited his challenge to the sufficiency of the evidence supporting the jury's verdict by changing his reasons for bringing that challenge. Appellate ECF No. 27 at 31-32. That is simply not true. Despite the semantic games that Washington is attempting to play at this stage, the record confirms that Oswald has consistently based his challenge on the principle that a plaintiff bringing a constitutional claim must show that the named defendant **personally committed** the constitutional tort giving rise to his or her claim. *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 289-293 (3d Cir. 2018) (holding that an individual could not hold multiple police

---

the motion." *Lowenstein v. Pepsi-Cola Bottling Co. of Pennsauken*, 536 F.2d 9, 10, n. 4 (3d Cir. 1976) (quoting the language used in the pre-2006 version of Rule 50(b); boldface type added). In its current form, the first sentence of Rule 50(b) provides: "If the court does not grant a motion for judgment as a matter of law **made under Rule 50(a)**, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." FED. R. CIV. P. 50(b) (boldface type added).

officers liable for constitutional violations merely because they had been physically present when unidentified officers used excessive force).

When the four DOC defendants sought a judgment as a matter of law at the close of Washington's case, they argued that they could not be held liable for alleged constitutional torts that had been vaguely described in Washington's testimony but not specifically attributed to them through proper identification. Appellate ECF No. 20 at 92-94. After the jury determined that Oswald had violated Washington's Eighth Amendment rights, Oswald moved for the entry of a judgment as a matter of law because the testimonial record had not specifically identified him as the individual responsible for the sexual abuse described by Washington. ECF No. 268 at 2, ¶¶ 10-13. In his principal brief to this Court, Oswald argued that, in the absence of testimony identifying him as the person responsible for the alleged abuse, the jury had improperly held him responsible for constitutional torts that may have been committed by "other unnamed corrections officers." Appellate ECF No. 19 at 22. There is simply no difference between the arguments that Oswald has advanced in support of his Rule 50(a) motion, in support of his Rule 50(b) motion, and in support of his appeal to this Court. Under these circumstances, it is beyond dispute that Oswald's motions and arguments have been sufficiently specific to preserve his challenge to the jury's verdict.

*Fineman v. Armstrong World Industries, Inc.*, 980 F.2d 171, 183-185 (3d Cir.

1992).

### C.    Oswald's Challenge to the Sufficiency of the Evidence Supporting the Jury's Verdict Would Have Still Been Preserved Under this Court's Pre-2006 Decisions

Even if the pre-2006 version of Rule 50 had governed this case, Oswald's

challenge to the jury's verdict would have been preserved for this Court's review.

When Washington responded to Oswald's Rule 50(b) motion, he did not argue that

Oswald had waived or forfeited his challenge to the jury's verdict by neglecting to

make a proper Rule 50(a) motion during the trial, or by failing to satisfy Rule

50(a)(2)'s specificity requirement.  ECF No. 275.  The District Court addressed the

merits of Oswald's motion without even suggesting that a procedural defect

existed.  ECF No. 287.  The entire purpose of Oswald's Rule 50(b) motion was to

give the District Court the "first crack" at the questions that this Court will

ultimately have to decide in this appeal.  *Dupree v. Younger*, 598 U.S. 729, 735

(2023).  That purpose was fully satisfied in this case.  Under these circumstances,

Oswald's challenge to the jury's verdict would have been preserved for this

Court's review even under the decisions that governed this situation before Rule 50

was amended in 2006.  *Williams v. Runyon*, 130 F.3d 568, 572 (3d Cir. 1997).

9

## II.    THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE VERDICT

In an effort to justify the jury's verdict against Oswald, Washington incorrectly argues that his testimony established that "the officers" had "prodded his testicles" with an object on August 1, 2013.  Appellate ECF No. 27 at 27.  In reality, however, Washington's testimony established only that **another officer** had hit him in the testicles with a stick after Oswald had tethered his arms through a wicket.  Appellate ECF No. 20 at 62.  Even if Washington's testimony is assumed to be true in light of the jury's verdict, there is **no evidence** demonstrating (or even suggesting) that Oswald **knew** that the other officer would improperly strike Washington during the brief period of restraint.  Because Washington never established Oswald's knowledge or awareness of the other officer's intentions, the testimonial record cannot sustain the jury's verdict against Oswald with respect to that incident.  *Ambrose v. Township of Robinson*, 303 F.3d 488, 493-496 (3d Cir. 2002).

At most, Washington's testimony established that **another officer** had acted improperly while Oswald was **properly** restraining him.  Appellate ECF No. 20 at 62.  That is not sufficient.  Washington cannot hold Oswald liable merely by showing that he was physically present when someone else did something wrong.  *Williams v. City of York*, 967 F.3d 252, 261-263 (3d Cir. 2020).  Although Washington testified that unspecified officers had engaged in other improper

10

activities on August 1, 2013, he did not testify that Oswald had been personally involved in those activities.  Appellate ECF No. 20 at 63.

Washington also testified that he had been assaulted on April 2, 2015, by an unspecified officer who had initially been "involved in the first event" and had later become a sergeant.  Appellate ECF No. 20 at 66.  Interestingly, Washington **did not identify Oswald** as that "sergeant" even though he had specifically mentioned Oswald by name just a few moments earlier.  Appellate ECF No. 20 at 62-67.  Oswald later testified that he had been promoted to the rank of a sergeant by 2015.  Appellate ECF No. 20 at 132.  But Washington never identified Oswald as the officer or "sergeant" who had assaulted him.  And nothing in the testimonial record negated the possibility that another officer had been "involved in the first event" and had later received a similar promotion.  Appellate ECF No. 20 at 61-68. As a matter of law, the evidence presented during the trial was insufficient to establish that Oswald had personally violated Washington's Eighth Amendment rights. *Jutrowski*, 904 F.3d at 289-293.  For this reason, the jury's verdict cannot stand.

### III.  FEDERAL COMMON LAW LIMITS THE AMOUNT OF PUNITIVE DAMAGES THAT CAN BE AWARDED IN AN ACTION BROUGHT UNDER 42 U.S.C. § 1983

In his principal brief, Oswald explained why the $200,000.00 in punitive damages awarded for the incident that was alleged to have occurred on April 2, 2015—which equaled ten times the amount of compensatory damages awarded for

11

that alleged incident—exceeded the limits of both the Due Process Clause of the

Fifth Amendment[3] and federal common law.  Appellate ECF No. 19 at 24-35.

Washington argues that federal common law imposes no limits on the amount of

punitive damages that can be awarded in this case, and that only the applicable

constitutional limits can be considered.  Appellate ECF No. 27 at 38-42.  He is

again profoundly mistaken.  Because Washington's Eighth Amendment claims are

only cognizable under 42 U.S.C. § 1983, "federal common law" directly governs

the amount of punitive damages that can be awarded in this case.[4]  *Keenan v. City*

*of Philadelphia*, 983 F.2d 459, 472, n. 12 (3d Cir. 1992).

The United States Supreme Court has held that federal common law does

not limit the amount of punitive damages that federal courts and juries can award

in **diversity** cases, which are governed by **state** law.  *Browning-Ferris Industries*

---

[3] The Due Process Clause of the Fourteenth Amendment imposes limits on the amounts of punitive damages that can be awarded in actions brought in state courts to redress violations of state law.  *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 416 (2003).  Because this appeal involves a challenge to an award of punitive damages resulting from the assertion of a federal claim in the District Court, the applicable constitutional provision is the Due Process Clause of the Fifth Amendment.  *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").

[4] When Oswald sought a remittitur in his Rule 50(b) motion, he specifically relied on both the Due Process Clause and federal common law.  ECF No. 268 at 3, ¶ 14.

*of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278-280 (1989).  In that situation, the relevant question is whether a particular award of punitive damages exceeds the constitutional limits imposed by the Due Process Clause (or any stricter limits that state law may independently impose on such awards).  *Willow Inn, Inc. v. Public Service Mutual Insurance Co.*, 399 F.3d 224, 230-238 (3d Cir. 2005).  When a plaintiff brings a **federal** claim against a state official under Section 1983, however, the availability of punitive damages is controlled by **federal** law.  *Smith v. Wade*, 461 U.S. 30, 56 (1983).  And this Court has specifically declared that **federal common law** controls the amount of punitive damages that may be awarded in an action brought under Section 1983.  *Basista v. Weir*, 340 F.2d 74, 86-88 (3d Cir. 1965).

In *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 511-514 (2008), the Supreme Court found a 1:1 ratio between punitive and compensatory damages to be appropriate in a maritime case governed by federal common law.  This Court later relied on *Exxon Shipping Co.* to set aside an award of $200,000.00 in punitive damages that had been assessed against a Section 1983 defendant who had been held liable for only $45,000.00 in compensatory damages.  *In re: Bayside Prison Litigation (Mejias v. Roth)*, 331 Fed. Appx. 987, 993, & n. 11 (3d Cir. 2009)

(unpublished).[5] In this case, the jury awarded Washington $200,000.00 in punitive

damages for an alleged Eighth Amendment violation that had yielded an award of

only $20,000.00 in compensatory damages. Appellate ECF No. 19 at 90-91. This

10:1 ratio clearly exceeds the limits that federal common law place on awards of

punitive damages in this context. *Exxon Shipping Co.*, 554 U.S. at 511-514; *In re:*

*Bayside Prison Litigation*, 331 Fed. Appx. at 993. Accordingly, it must be set

aside.

## IV.    THE EXCESSIVE PUNITIVE DAMAGE AWARD IS UNCONSTITUTIONAL

Even if federal common law did not preclude this excessive punitive damage

award—which exceeded the compensatory damage award by a factor of ten—the

award would still have to be set aside on the ground that it is unconstitutional. The

Supreme Court has declared that "few awards exceeding a single-digit ratio

between punitive and compensatory damages" will satisfy the requirements of the

Due Process Clause. *State Farm Mutual Automobile Insurance Co. v. Campbell*,

538 U.S. 408, 425 (2003). Washington provides no compelling reason why this

case should be regarded as one of those rare cases in which a double-digit ratio is

appropriate. Instead, he appears to suggest that Oswald should be punished for

---

[5] Although unpublished decisions do not bind this Court, they may
nevertheless be cited for their persuasive value. *Wallace v. Mahanoy*, 2 F.4th 133,
144, n. 16 (3d Cir. 2021).

sexual assaults that have been perpetrated by **other** prison officials against **other** prisoners.  Appellate ECF No. 27 (Appellee's Brief) at 47-48.  But the Due Process Clause requires the punitive damages awarded in this case to be based solely on the specific harm that Washington is alleged to have suffered.  *Phillip Morris USA v. Williams*, 549 U.S. 346, 353-355 (2007).

The excessive punitive damage award arising out of the alleged incident on April 2, 2015, simply cannot be reconciled with the Due Process Clause.  *Sheedy v. City of Philadelphia*, 184 Fed. Appx. 282, 285, n. 2 (3d Cir. 2006) (unpublished) (declaring that a $500,000.00 punitive damage award needed to be reduced "to a single-multiplier of the jury's compensatory award" of $3,075.00).  Because the $200,000.00 punitive damage award is grossly disproportionate to the $20,000.00 in compensatory damages attributed to Washington's alleged injuries, it violates Oswald's due process rights and must be set aside.  *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574-586 (1996).

## V.    OSWALD IS ENTITLED TO RELIEF AS A MATTER OF LAW

For the foregoing reasons, Oswald is entitled to a reduction in the punitive damage award as a matter of law.  Given that the evidence presented at trial was "insufficient to support a finding of liability" in the first place, the punitive damage award should be entirely eliminated for that reason alone.  *Hetzel v. Prince William County*, 523 U.S. 208, 212 (1998) (*per curiam*).  In the event that the Court

determines that the jury's finding of liability should be sustained, it should

nevertheless instruct the District Court to reduce the excessive $200,000.00

punitive damage award (to no more than $40,000.00) **as a matter of law**, without

remanding the case for a new trial limited to the issue of punitive damages.[6]

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 716-717 (3d Cir. 2010).

---

[6] When Oswald filed his Rule 50(b) motion, he included a conditional remittitur as an alternative remedy for the District Court to consider.  ECF No. 268 at 3, ¶ 15.  At this stage, however, Oswald does not ask this Court for a "conditional remittitur" affording Washington an "opportunity to choose between the remitted award and a new trial on damages."  *Lesende v. Borrero*, 752 F.3d 324, 338 (3d Cir. 2014).  Of course, Oswald alternatively requests a new trial on the underlying issue of liability in the event that the Court determines that the jury's verdict was against the weight of the evidence.  *Leonard v. Stemtech International, Inc.*, 834 F.3d 376, 386 (3d Cir. 2016); Appellate ECF No. 19 at 24, 37.

## CONCLUSION

WHEREFORE, Appellant T.S. Oswald respectfully requests:

(1)    that the Court **reverse** the District Court's judgment and remand this case with instructions directing the District Court to enter a judgment in Oswald's favor as a matter of law or **vacate** the District Court's judgment and remand this case with instructions directing the District Court to grant a new trial on the August 1, 2013, claim; and

(2)    that the Court **reverse** the District Court's judgment and remand this case with instructions directing the District Court to enter a judgment in Oswald's favor as a matter of law or **vacate** the District Court's judgment and remand this case with instructions directing the District Court to grant a new trial on the April 2, 2015, claim; or, alternatively,

(3)    that the Court **vacate** the District Court's judgment and remand this case with instructions directing the District Court to enter a remittitur and reduce the punitive damage award on the April 2, 2015, claim to no more than $40,000.00.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By:    /s/ Anthony T. Kovalchick

ANTHONY T. KOVALCHICK
Deputy Attorney General
Bar No. 89056 (Pa.)

17

SEAN A. KIRKPATRICK
Chief Deputy Attorney General
Appellate Litigation Section

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Phone: (412) 565-2543
akovalchick@attorneygeneral.gov

DATE: June 17, 2024

## CERTIFICATE OF COUNSEL

I, Anthony T. Kovalchick, Deputy Attorney General, hereby certify as follows:

1.  That I am a member of the bar of this Court.

2.  That the text of the electronic version of this brief is identical to the text of the paper copies.

3.  That a virus detection program was run on the file, and that no virus was detected.

4.  That this brief contains 4,583 words within the meaning of Federal Rule of Appellate Procedure 32(a)(7)(B).  In making this certificate, I have relied on the "word count" feature of the word-processing system used to prepare the brief.

/s/ Anthony T. Kovalchick

ANTHONY T. KOVALCHICK
Deputy Attorney General

19

## CERTIFICATE OF SERVICE

I, Anthony T. Kovalchick, Deputy Attorney General, hereby certify that the

foregoing Reply Brief for Appellant T.S. Oswald was electronically served on the

following counsel of record by means of the CM/ECF System:

Amaris A. Montes, Esquire
Rights Behind Bars
416 Florida Avenue NW
Unit 26152
Washington, DC 20001
(202) 455-4399
amaris@rightsbehindbars.org

Samuel Weiss, Esquire
Rights Behind Bars
416 Florida Avenue NW
Unit 26152
Washington, DC 20001
(202) 455-4399
sam@rightsbehindbars.org

Seven copies were also sent by first-class mail to the Clerk of the United States

Court of Appeals for the Third Circuit in Philadelphia, Pennsylvania.

/s/ Anthony T. Kovalchick

ANTHONY T. KOVALCHICK
Deputy Attorney General

DATE: June 17, 2024