

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

MICHELLE A. HENRY
ATTORNEY GENERAL

September 9, 2024

*Via CM/ECF*
Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Henry Washington v. Robert Gilmore, et al.*
Case Number 23-2963
District Court Case Number 2-15-cv-01031

Dear Ms. Dodszuweit:

    Appellant T.S. Oswald appealed the District Court's judgment awarding Appellee Henry Unseld Washington $265,000.00 in compensatory and punitive damages. The damages awarded in this case were specifically attributed to Eighth Amendment violations that allegedly occurred on August 1, 2013, and April 2, 2015. The jury separately awarded Washington $20,000.00 in compensatory damages for each of those two incidents. Appellate ECF No. 19 at 88, 90. The jury then awarded Washington $25,000.00 in punitive damages for the 2013 incident and, separately, $200,000.00 in punitive damages for the 2015 incident. Appellate ECF No. 19 at 89, 91.

    Oswald challenges the underlying finding of liability in this appeal. In the alternative, Oswald challenges the $200,000.00 punitive damage award attributed to the 2015 incident under both federal common law and the Due Process Clause of the Fifth Amendment. Assuming (without conceding) that sufficient evidence exists to sustain the jury's finding of liability pertaining to the events of August 1, 2013, Oswald does not challenge the $25,000.00 punitive damage award attributed to that incident.

    In response to this Court's letter dated August 28, 2024, Oswald submits this supplemental letter brief to explain why the ratio of punitive to compensatory

1

damages should be calculated separately for each claim, and why it would be inappropriate to calculate that ratio in the aggregate. Appellate ECF No. 39.

The United States Supreme Court has held that a jury can assess punitive damages in an action brought under 42 U.S.C. § 1983 only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). As this Court has previously recognized, an award of punitive damages in a Section 1983 case must be premised on a finding of "recklessness or callousness" existing separate and apart from the mental state required to establish an underlying violation of the plaintiff's constitutional rights. *Brennan v. Norton*, 350 F.3d 399, 428-430 (3d Cir. 2003). In this case, the $25,000.00 and $200,000.00 punitive damage awards were premised on separate findings that Oswald had "acted maliciously or wantonly" in violating Washington's Eighth Amendment rights on entirely different dates nearly two years apart. Appellate ECF No. 19 at 88-91. Because the $200,000.00 punitive damage award challenged in this appeal was based on a specific factual determination relating to the second incident (which postdated the first incident by twenty months), the ratio of punitive to compensatory damages must be considered only in relation to the damages awarded for the second incident (without accounting for the damages awarded for the first incident). *See JCB, Inc. v. Union Planters Bank, NA*, 539 F.3d 862, 874-877 (8th Cir. 2008) (separately considering the constitutionality of punitive damage awards for trespass and conversion because the two torts had been "based on separate actions").

Although some federal courts have calculated the ratio of punitive to compensatory damages in the aggregate (rather than separately for each claim), they have generally done so only when the underlying legal claims all arose out of "the same conduct," and not out of "separate acts" that could be easily separated. *Saccameno v. U.S. Bank National Association*, 943 F.3d 1071, 1089 (7th Cir. 2019). When the "conduct" giving rise to separate claims is "intertwined," it may be appropriate to calculate the ratio in the aggregate. *Bains LLC v. Arco Products Co.*, 405 F.3d 764, 775-776 (9th Cir. 2005). But calculating the ratio in the aggregate is inappropriate where, as here, distinct awards of compensatory damages are provided to account for injuries caused by separate acts. *Zimmerman v. Direct Federal Credit Union*, 262 F.3d 70, 82, n. 9 (1st Cir. 2001) (constructing the ratio by looking only to the retaliation count on which punitive damages were awarded without considering a separate tortious interference count).

The need for calculating the ratio of punitive to compensatory damages separately for each claim in this case is illustrated by the fact that Washington's two claims against Oswald could have easily been asserted in separate cases. A claim under Section 1983 accrues when a plaintiff has a complete cause of action

to assert against a defendant. *McDonough v. Smith*, 588 U.S. 109, 115 (2019). In this case, the accrual dates for Washington's two claims against Oswald were separated by twenty months. Given the lapse of time between the two incidents, it is easy to imagine a scenario in which Washington would have been forced to bring his two claims against Oswald in separate civil actions.

      The Due Process Clause requires an award of punitive damages to be based on "the acts upon which liability was premised," and not on "hypothetical claims" that could potentially be asserted against the same defendant in a different civil action. *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 422-423 (2003). When punitive damage awards become unmoored from the specific acts upon which they are based, "the fundamental due process concerns to which [the Supreme Court's] punitive damages cases refer" are "magnified." *Philip Morris USA v. Williams*, 549 U.S. 346, 354 (2007). There is no principled reason why monetary awards that could have easily been split between two separate cases should be considered in the aggregate simply because, for purely fortuitous reasons, they were entered against the same defendant in the same case. For all of these reasons, the ratio of punitive to compensatory damages should be calculated separately for each claim, and not in the aggregate.

      Respectfully submitted,

      MICHELLE A. HENRY
      Attorney General

By:   /s/ Anthony T. Kovalchick
      Anthony T. Kovalchick
      Deputy Attorney General
      Bar No. 89056 (Pa.)

      Sean A. Kirkpatrick
      Chief Deputy Attorney General
      Appellate Litigation Section

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Phone: (412) 565-2543
akovalchick@attorneygeneral.gov

cc: Amaris A. Montes, Esquire
amaris@rightsbehindbars.org

Samuel Weiss, Esquire
sam@rightsbehindbars.org