September 10, 2024

Patricia S. Dodszuweit, Clerk
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Henry Washington v. Robert Gilmore, et al.*
Case Number 23-2963
District Court Case Number 2-15-cv-01031

Dear Ms. Dodszuweit,

This Could should calculate the ratio of punitive to compensatory damages in the aggregate. Using a rigid claim-by-claim analysis in the review of punitive damages awards would impose a formalism that the Court has explicitly rejected. In *TXO Prod. Corp. v. Alliances Resources Corp.*, for instance, the Court rejected "objective" criteria in place of "numerous, and sometimes intangible, factors," a "qualitative assessment based on a host of facts and circumstances unique to the particular case." *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 457 (1993) (plurality and controlling opinion). These included "potential harm" that defendants' actions could have but did not cause and the wealth of the defendant. *Id.* at 1460; *see also Philip Morris USA v. Williams*, 549 U.S. 346, 354 (2007). If juries may rely on factors such as potential but unrealized harm, then the jury here was entitled to consider Defendant's broader range of conduct and this Court should do the same in reviewing its reward.

Aggregation is also consistent with the jury instructions in this case, which contained a lengthy discussion of punitive damages but did not mention distributing punitive damages fairly across the counts and seemed to refer to both compensatory and punitive damages in the singular, implying aggregation across counts. *See* App. 274 ("In deciding the amount of punitive damages, you should consider the degree to which Defendant Oswald should be punished for his wrongful conduct toward Plaintiff, and the degree to which an award of one sum or another will deter Defendant or others from committing similar wrongful acts in the future").

Aggregation is also consistent with this Court's precedent, as demonstrated by its opinion in *2660 Woodley Road Joint Venture v. ITT Sheraton Corp.* 369 F.3d 732, 736 (3d Cir. 2004). The jury had awarded $750,000 for violating a federal statute (subsequently trebled by the court), a total of $10,732,000 on multiple state law breach of contract claims, $1,100,000 on state law tort claims, and $37,500,000 in punitive damages. *Id.* The district court granted a remittitur, reducing the punitive damages to $17,415,000. *Id.* This Court reversed the majority of the plaintiff's claims in their entirety, reducing compensatory damages to "250,000 for purchasing activities, and $1,100,000 for common law damages." *Id.* at 745. Because the district court had concluded that "punitive damages should be one and one-half times the relevant compensatory damages," this Court maintained that ratio and applied it to the reduced damages award. *Id.* Notably, this Court's analysis aggregated compensatory and punitive damages even though they were spread across different conduct, across federal and state law, and across statutory and common law remedies.

This Court's precedent is consistent with the precedent of numerous others. In *King v. Macri*, the Second Circuit reviewed punitive damages awards for excessive force, false arrest, and malicious prosecution arising out of a police assault in a courtroom in the aggregate. 993 F.2d 294, 299 (2d Cir. 1993). The Sixth Circuit has aggregated compensatory damages to calculate the punitive-to-compensatory ratio even when one award was statutory and the other arose from common law. *Pollard v. E.I. DuPont De Nemours, Inc.*, 412 F.3d 657, 666 (6th Cir. 2005). In *Saccameno v. U.S. Bank Nat'l Ass'n*, the Seventh Circuit noted with approval that the district court had aggregated damages across four claims because they involved related conduct. 943 F.3d 1071, 1089 (7th Cir. 2019). The Ninth Circuit has also aggregated awards that are "intertwined." *See Bains LLC v. Arco Prod. Co., Div. of Atl. Richfield Co.*, 405 F.3d 764, 776 (9th Cir. 2005).

While other courts have at times proceeded claim-by-claim, they have often done so in a manner that demonstrates that aggregation in the present case would be appropriate. The Eighth Circuit, for instance, has gone claim-by-claim when a jury awarded punitive damages for both trespass and conversion, explaining that "[t]respass and conversion protect distinct legal rights" and caused "distinct legal harms." *JCB, Inc. v. Union Planters Bank, NA*, 539 F.3d 862, 874 (8th Cir. 2008). The claim at issue here, by contrast, involves the same defendant engaged in the same pattern of conduct in violation of the same legal right.

In sum, this Court should aggregate the compensatory damages award. As the Seventh Circuit recently explained in *Saccameno*, however, the question of aggregation is not as decisive as it might first appear. Ultimately, this Court must examine Defendant's "conduct and the harm it caused" and "assess [it] against the amount awarded." *Saccameno*, 943 F.3d at 1089. It is "telling," *Saccameno* noted, that "most cases considering whether to aggregate damages reach the same result either way." *Id.* The task for courts reviewing punitive damages awards is not to "simply move numbers around on a verdict form to reach a single-digit ratio" but instead to "assess the purpose of punitive damages and the conduct at issue in order to evaluate the award." *Id.* A myopic focus on ratio should not distract this Court from its central task, which is to determine whether Defendant's repeated sexual abuse of an incarcerated person he was entrusted to protect is sufficiently reprehensible to justify the jury's punitive award of $225,000. It is.

Respectfully submitted,
/s/ *Samuel Weiss*

Samuel Weiss
Rights Behind Bars
416 Florida Avenue NW, Unit 26152
Washington, DC 20001
Phone: 202-455-4399
Fax: 202-217-3879
Email: sam@rightsbehindbars.org